1  Sevan Gobel (SBN: 221768)
   sgobel@lbbklaw.com
2  Ara Baghdassarian (SBN: 307867)
   abaghdassarian@lbbklaw.com
3  LAGASSE BRANCH BELL + KINKEAD LLP
   626 Wilshire Blvd., Suite 1000
4  Los Angeles, CA 90017
   Telephone:  (213) 817-9152
5  Facsimile:  (213) 817-9154

6  Attorneys for Defendant, KOHL'S INC.

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | DONNA BRADY,              ) CASE NO.
12 |                           )
   |          Plaintiff,       ) **DEFENDANT KOHL'S, INC.'S**
13 |                           ) **NOTICE OF REMOVAL TO THE**
   |   vs.                     ) **UNITED STATES DISTRICT**
14 |                           ) **COURT FOR THE CENTRAL**
   | KOHLS, INC.; DOES 1 TO 20,) **DISTRICT OF CALIFORNIA**
15 |                           ) **PURSUANT TO 28 U.S.C. §§ 1332,**
   |          Defendant.       ) **1441(b)**
16 |                           )
   |                           ) [Filed Concurrently with the
17 |                           ) Declaration of Ara M. Baghdassarian;
   |                           ) Notice of Interested Parties]
18 |                           )
   |                           ) State Action filed: 10/19/2021
19 |                           )

20    **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR**

21    **THE CENTRAL DISTRICT OF CALIFORNIA:**

22         PLEASE TAKE NOTICE that Defendant KOHL'S, INC. (erroneously sued

23    and served as KOHL'S CORPORATION) ("KOHL'S"), hereby invokes this

24    Court's jurisdiction under the provisions of 28 U.S.C. sections 1332 and 1441(b)

25    and removes Case No. 21STCV38554 (the State Court Action) from the Superior

26    Court of the State of California, County of Los Angeles.

27

28

-1-
NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(b)

# I. PLEADINGS AND PROCEEDINGS TO DATE

1. On October 19, 2021, the State Court Action was commenced in the Superior Court of the State of California in and for the County of Los Angeles under Case No. 21STCV38554. In the State Court Action, Plaintiff DONNA BRADY ("Plaintiff") set forth causes of action for: (1) Premises Liability; and (2) General Negligence against Defendants KOHL'S and DOES 1 through 20.

2. On December 10, 2021, Plaintiff filed her First Amended Complaint in the State Court Action asserting the same two causes of action for: (1) Premises Liability; and (2) General Negligence against Defendants KOHL'S and DOES 1 through 20.

3. On December 16, 2021, Plaintiff served KOHL'S with the Summons and First Amended Complaint in the State Court Action, along with all other documents filed in the State Court Action and the Statement of Damages. True and correct copies of all such documents served on Kohl's on December 16, 2021 (the Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Standing Order Re: Personal Injury Procedures, Substitution of Attorney, First Amended Complaint, and Statement of Damages) are collectively attached to the Declaration of Ara M. Baghdassarian (Baghdassarian Decl.) filed concurrently herewith. Baghdassarian Decl. ¶ 3, Exhibit A.

4. On February 1, 2022, KOHL'S filed and served an Answer to the First Amended Complaint in the State Court Action. A true and correct copy of KOHL'S Answer is attached as Exhibit B to the Baghdassarian Declaration filed concurrently herewith. Baghdassarian Decl. ¶ 4, Exhibit B.

5. On May 6, 2022, Plaintiff served verified responses to Form Interrogatories, Set One, wherein Plaintiff stated in response to Form Interrogatory No. 2.5 that her residence is located at 13060 Thoroughbred Way, Whittier, CA 90601 where she has resided for more than five years. True and correct copies of

KOHL'S Form Interrogatories, Set One, and Plaintiff's Responses to Form Interrogatories, Set One, are collectively attached hereto as Exhibit C to the Baghdassarian Declaration filed concurrently herewith. Baghdassarian Decl. ¶ 5, Exhibit C.

6. On May 6, 2022, Plaintiff also served her verified response to Form Interrogatory No. 6.4 wherein she stated she incurred medical damages of at least $336,368.72 as a result of the subject incident. Baghdassarian Decl. ¶ 6; see Plaintiff's Response to Form Interrogatory 6.4 (Baghdassarian Decl., Exhibit C).

## II. TIMELINESS OF REMOVAL

7. Plaintiffs' First Amended Complaint is silent as to her domicile, citizenship, or residency. Baghdassarian Decl. ¶ 7; see First Amended Complaint, passim (Baghdassarian Decl., Exhibit A).

8. When a case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained the case is subject to removal. 28 U.S.C. § 1446(b)(3).

9. Here, KOHL'S learned on May 6, 2022 that Plaintiff resides in California, and that she has lived in California for over the past five years. Baghdassarian Decl. ¶ 5, Exhibit C.

10. As such, this Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt by KOHL'S of an "other paper" (i.e., Plaintiff's responses to Form Interrogatories, Set One) on May 6, 2022, from which it could first be ascertained that the case is removable, pursuant to 28 U.S.C. § 1446(b), and within one year of the filing of the Complaint.

/ / /

/ / /

/ / /

### III. DIVERSITY JURISDICTION

11. Diversity is present when an action is between citizens of a state and citizens or subjects of a foreign state, or between citizens of different states and in which citizens or subjects of a foreign state are additional parties. 28 U.S.C. § 1332.

12. Citizenship of the parties in the State Court Action is determined by their citizenship status at the State Court Action's commencement. See <u>Mann v. City of Tucson</u>, 782 F.2d 790, 794 (9th Cir. 1986).

13. To establish citizenship for diversity purposes, a natural person must first be a citizen of the United States and a domiciliary of one particular state. <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 828 (1989); <u>Kantor v. Wellesley Galleries, Ltd.</u>, 704 F.2d 1099, 1090 (9th Cir. 1983).

14. Here, Plaintiff stated in response to Form Interrogatory 2.5 that she resides at 13060 Thoroughbred Way, Whittier, CA 90601, where she has lived for over the past five years. Baghdassarian Decl. ¶ 5, Exhibit C. As such, KOHL'S maintains Plaintiff is a citizen of California.

15. For purposes of diversity, a corporation is considered a citizen of any state in which it is incorporated and where it has a principal place of business. 28 U.S.C. § 1332(c)(1).

16. Defendant KOHL'S, INC. both at the time this action was commenced and at the time it was removed to federal court, is a citizen of the State of Delaware within the meaning of Section 1332(c)(1), because it was at all times a corporation formed under the laws of the State of Delaware, and a citizen of the State of Wisconsin because its corporate headquarters and principal executive offices, and thus its principal place of business, are located in Menomonee Falls, Wisconsin. Baghdassarian Decl. ¶ 7.

/ / /

/ / /

17.     Defendants DOES 1 to 20 are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. The naming of said fictitious defendants does not destroy the diversity of citizenship between the parties in this action and are to be disregarded. 28 U.S.C. § 1441(a); Newcombe v. Adolf Coors Co., 157 F.3d 686, 690-91 (9th Cir. 1998).

18.     As such, there is complete diversity of citizenship because this action is brought between citizens of different states under the definition of 28 U.S.C. § 1332.

### IV.   AMOUNT IN CONTROVERSY

19.     In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of his claims. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F.Supp.993, 1001 (C.D. Cal. 2002), citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes "plaintiff prevails on liability") and Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. Cohn v. Petsmart, Inc., 281 F.3d 837, 843 n.1 (9th Cir. 2002), citing Willingham v. Morgan, 395 U.S. 402, 407 n.3 (1969).

20.     In this case, Plaintiff's First Amended Complaint alleges that Plaintiff suffered injuries on the premises of the KOHL'S located in Whittier, California on October 30, 2019 as a result of Kohl's negligently maintaining, owning, operating, and controlling such premises. See First Amended Complaint, pp. 4-5 (Baghdassarian Decl., Exhibit A). As a result, the First Amended Complaint alleges Plaintiff suffered significant personal injuries, including but not limited to a

1  broken hip, as well as general and special damages. See ibid.

2  21. Plaintiff's Statement of Damages states she is seeking $5,200,000 in
3  combined special and general compensatory damages. See Statement of Damages
4  (Baghdassarian Decl., Exhibit A.)

5  22. Moreover, Plaintiff's verified response to Form Interrogatory 6.4
6  states she incurred medical damages of at least $336,368.72 as a result of the
7  subject incident. Baghdassarian Decl. ¶ 6; see Baghdassarian Decl., Exhibit C.
8  Plaintiff's claimed special damages alone therefore exceed four times the
9  jurisdictional amount.

10 23. As such, the amount in controversy as to Plaintiff's claims exceeds the
11 jurisdictional amount of $75,000.00.

## V. VENUE

24. Venue of the State Court Action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a) and 1391(c) because this is the judicial district of this Court in which the action arose and where the causes of action arose.

25. KOHL'S will provide written notice of the filing of this Notice of Removal to adverse parties as required by 28 U.S.C. section 1446(d) and will file a copy with the Clerk of Court of the Superior Court of California, County of Los Angeles. Baghdassarian Decl. ¶ 8.

26. KOHL'S is currently represented by the undersigned attorney and agrees to this Notice of Removal.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

WHEREFORE, Defendant KOHL'S, INC. removes the above-entitled action now pending in the Superior Court of the State of California for the County of Los Angeles to this Court, and that this Court assume full jurisdiction over this action as provided by law.

Dated: May 19, 2022

LAGASSE BRANCH BELL + KINKEAD LLP

By: _____
Sevan Gobel
Ara Baghdassarian
Attorneys for Defendant
KOHLS, INC.