# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 02/01/2022 09:34 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Yanez,Deputy Clerk

Sevan Gobel (SBN: 221768)
sgobel@lbbklaw.com
Ara Baghdassarian (SBN: 307867)
abaghdassarian@lbbklaw.com
LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd., Suite 1000
Los Angeles, CA 90017
Telephone: (213) 817-9152
Facsimile: (213) 817-9154

Attorneys for Defendant
KOHL'S, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| DONNA BRADY,<br><br>        Plaintiff,<br><br>    vs.<br><br>KOHLS, INC.; DOES 1 TO 20,<br><br>        Defendant. | CASE NO. 21STCV38554<br><br>**DEFENDANT KOHL'S, INC.'S ANSWER TO COMPLAINT**<br><br>Judge: Hon. Serena R. Murillo<br>Dept.: 29<br><br>Complaint filed: 10/19/2021<br>Trial date:     04/18/2023 |

Defendant Kohl's, Inc. (Defendant) hereby answers Plaintiff Donna Brady's (Plaintiff) First Amended Complaint (Complaint) on file and, for each cause of action set forth therein, deny and allege as follows:

## I. GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30, subdivision (d), Defendant denies generally and specifically each and every allegation contained in Plaintiff's Complaint. In addition, Defendant denies that Plaintiff has been damaged in any sum by reason of any act or omission on the part of Defendants.

Without waiving its general denial, Defendant alleges the following in further response to the allegations in Plaintiff's Complaint:

/ / /

/ / /

-1-
DEFENDANT KOHL'S, INC.'S ANSWER TO COMPLAINT

## II. AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses, the applicability of which will be determined through the course of investigation and discovery. These affirmative defenses, except where otherwise indicated, are being asserted as to each and every cause of action in Plaintiff's Complaint and are based upon Defendant's information and belief.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

Some or all of Plaintiff's claims are barred by the applicable statutes of limitations, including but not limited to those provided in or relating to California Code of Civil Procedure section 335.1 and any other applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

(Waiver, Estoppel, and Unclean Hands)

Plaintiff's Complaint and each cause of action therein are barred by the doctrines of waiver, estoppel, and unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

(Laches)

Plaintiff unreasonably delayed in bringing this action against the answering Defendant and/or mitigating his damages, and such delay has caused Plaintiff's own alleged damages and substantially prejudiced the answering Defendant. Therefore, this action is barred by laches.

### FIFTH AFFIRMATIVE DEFENSE

(Intervening or Superseding Cause)

Any injuries or damages alleged by Plaintiff, if any, were the result of new, independent, or superseding causes that are unrelated to any conduct of Defendant. Any action on the part of Defendant was not the proximate or producing cause of any alleged injuries or damages Plaintiff claims to have suffered.

## SIXTH AFFIRMATIVE DEFENSE

**(Set-Off)**

To the extent Plaintiff has been compensated for any alleged damages by receiving payment from other persons or entities, the amount of any such compensation should be set off against any recovery Plaintiff may receive in this action.

## SEVENTH AFFIRMATIVE DEFENSE

**(Unjust Enrichment)**

Plaintiff's recovery is limited to the amount required to compensate for the harm experienced and Plaintiff may not recover more than she is entitled to.

## EIGHTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

Plaintiff has failed to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained, and any recovery by Plaintiff must be diminished or barred by reason thereof.

## NINTH AFFIRMATIVE DEFENSE

**(Assumption of Risk)**

Plaintiff's claim is barred because Plaintiff knew of the risk and voluntarily undertook the risk that lead to Plaintiff's injuries.

## TENTH AFFIRMATIVE DEFENSE

**(Comparative Fault)**

The right of Plaintiff to any recovery herein, if any right exists, is reduced and limited to the percentage of fault attributable to Defendant pursuant to section 1431.2 of the California Civil Code.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Comparative Negligence)**

Defendant is informed and believes and thereon alleges Plaintiff was herself solely and totally negligent in and about the matters referred to in the Complaint and that such negligence and carelessness on the part of Plaintiff proximately amounted to One Hundred Percent (100%)

of the negligence involved in this case and was the sole cause of the injuries and damages complained of, if any there were. This answering Defendant further alleges that any negligence and carelessness not attributable to Plaintiff was a result of negligent and careless conduct on the part of persons and/or entities other than this answering Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Proximate Cause – Contributory Negligence)**

Defendant is informed and believes and thereon alleges Plaintiff was herself careless and negligent in and about the matters referred to in the Complaint, and such carelessness and negligence on the part of Plaintiff proximately caused and contributed to the damages complained of.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Open and Obvious)**

The condition of the premises was open and obvious and readily observable by the reasonable use of one's senses. Defendant was under no duty to warn of an open and obvious condition.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Notice of Dangerous Condition)**

Defendant was under no duty to maintain or remedy because Defendant did not have actual or constructive notice of the alleged condition.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Control of Premises)**

Defendant did not have control of the portion of the premises where Plaintiff was allegedly injured.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Comparative Fault of Third Parties)**

People or entities other than Defendant caused or contributed to the damages Plaintiff claims to have suffered. Therefore, any award made in favor of Plaintiff in this case must be reduced by the amount equal to the percentage of the fault of others in causing or contributing to

the damages alleged in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

In the event Defendant is held liable to Plaintiff, which liability is expressly denied, and any co-defendants, cross-defendants, and/or other parties are likewise held liable, Defendant is entitled to a percentage contribution of the total liability from said co-defendants, cross-defendants, and/or other parties in accordance with the principles of equitable indemnity and comparative contribution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Active-Passive Negligence)

Defendant alleges that if there is any negligence or liability on the part of the parties named herein, it is the sole and exclusive negligence and/or liability of Plaintiff, and/or other parties, and not of Defendant, and that any negligence of the other parties herein was active, direct and primary, whereas any conduct by Defendant was passive, derivative and secondary in nature.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Duty)

As to each and every Cause of Action contained in the Complaint, Defendant is informed, and believes, and thereon alleges that any obligations of Defendant alleged in Plaintiff's complaint are non-existent, not contracted for and outside the agreement of the parties, if any, or any of them. Any recovery herein based on such obligations is completely barred.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

Defendant alleges that the tortious misconduct alleged in the Complaint against Defendant, if any, was not the proximate cause of any alleged injury or damages to Plaintiff.

/ / /

/ / /

/ / /

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Not Acts of Defendant)

As to each and every Cause of Action contained in the Complaint, Defendant is informed, and believes, and thereon alleges that the conditions and defects set forth in the Complaint, and the damages related thereto, did not arise out of any act or omission related thereto, and thus, recovery is precluded.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Reservation of Future Defenses)

Defendant has no independent knowledge, as of the filing of this Answer, of the facts allegedly constituting all causes of action or claims in Plaintiff's Complaint and based thereon hereby reserve their right to amend this Answer to include those affirmative defenses that are revealed during the course of discovery and investigation.

**WHEREFORE**, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of her complaint on file herein;
2. That this action be dismissed with prejudice to the re-filing of the same;
3. For reasonable attorney's fees;
4. For costs of suit incurred herein; and
5. For such other and further relief as the Court deems just and proper.

Dated: February 1, 2022

LAGASSE BRANCH BELL + KINKEAD LLP

By: _____
Sevan Gobel
Ara Baghdassarian
Attorneys for Defendant
KOHLS, INC.

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**LOS ANGELES COUNTY** | COURT USE ONLY |
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): TELEPHONE NO.:<br>Sevan Gobel (SBN : 221768) Tel: (858) 345-5080<br>Ara Baghdassarian (SBN : 307867)<br>LAGASSE BRANCH BELL + KINKEAD LLP<br>626 Wilshire Blvd., Suite 1000<br>Los Angeles, CA 90017 | |
| ATTORNEY FOR DEFENDANT:<br>KOHL'S, INC. | |
| SHORT CASE TITLE<br>Donna Brady v. Kohl's, Inc, et al. | Judge: Hon. Serena R. Murillo<br>Dept.: 29<br>CASE NUMBER:<br>21STCV38554 |

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 4365 Executive Drive, Suite 950, San Diego, CA 92121.

On **February 1, 2022**, I caused to be served the within document(s):

**DEFENDANT KOHL'S, INC.'S ANSWER TO COMPLAINT**

by placing a copy thereof in a separate envelope for each addressee named hereafter and addressed as follows:

| |
|---|
| Seri Kattan-Wright, Esq.<br>Greenslade Cronk LLP<br>5455 Wilshire Blvd, Ste. 1400<br>Los Angeles, CA | 90036<br>Tel: 323-747-7474 | Fax: 213-289-1566<br>seri@greensladecronk.com<br><br>*Attorneys for Plaintiff Donna Brady* |

( ) **BY MAIL.** I am familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Code of Civil Procedure §1013a.

(X) **BY ELECTRONIC SERVICE** by electronically mailing a true and correct copy through Lagasse Branch Bell + Kinkead LLP's electronic mail system to the e-mail address(s) set forth above, or as stated on the above service list.

( ) **BY FAX.** In addition to service by mail as set forth above, a copy of said document(s) were also delivered by facsimile transmission to the addressee pursuant to Code of Civil Procedure §1013(e).

( ) **BY PERSONAL SERVICE.** I caused said documents to be hand-delivered to the addressee(s) on said date below, pursuant to Code of Civil Procedure §1011.

( ) **BY OVERNIGHT DELIVERY.** I deposited said document(s) in a box or other facility regularly maintained by the express service carrier providing Norco overnight delivery pursuant to Code of Civil Procedure §1013(c).

( ) **BY CERTIFIED MAIL.** I am familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Code of Civil Procedure §1020.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on February 1, 2022, at San Diego, California.

/s/ MagdaLena Chavez
MagdaLena Chavez

PROOF OF SERVICE
1

Superior Court of California
County of Los Angeles
,

**Receipt**   EFM-2022-4323218.1

**Date:**   2/1/22 2:40 PM
**Time:**   2/1/22 2:40 PM

CASE # 21STCV38554
DONNA BRADY vs KOHL'S, INC.

| | |
|---|---:|
| Unlimited Civil- Ans.non-Plaintiff incl. UD-GC70612,70602.5,70602.6 | 435.00 |
| Court Transaction Fee | 2.25 |
| **Case Total:** | 437.25 |

**Total Paid:**   437.25

22LA00130527