# EXHIBIT C

DISC-001

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:

Sevan Gobel, Esq. / Ara Baghdassarian, Esq. (221768 / 307867)

Lagasse Branch Bell + Kinkead LLP

626 Wilshire Blvd., Suite 1000, Los Angeles, CA 90017

TELEPHONE NO.: (213) 817-9152

FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*: Defendant KOHL'S, INC.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles

SHORT TITLE OF CASE:

Donna Brady v. Kohl's, Inc.

**FORM INTERROGATORIES—GENERAL**

Asking Party: Defendant Kohl's, Inc.

Answering Party: Plaintiff Donna Brady

Set No.: One

CASE NUMBER:

21STCV38554

**Sec. 1. Instructions to All Parties**

(a) Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b) For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c) These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

**Sec. 2. Instructions to the Asking Party**

(a) These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, Form *Interrogatories— Limited Civil Cases (Economic Litigation)* (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b) Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c) You may insert your own definition of **INCIDENT** in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d) The interrogatories in section 16.0, Defendant's Contentions– Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e) Additional interrogatories may be attached.

**Sec. 3. Instructions to the Answering Party**

(a) An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b) As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c) Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d) If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e) Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f) Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g) If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h) Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____     _____
            *(Date)*                                              *(SIGNATURE)*

**Sec. 4. Definitions**

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

[X] (1) **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Form Approved for Optional Use
Judicial Council of California
DISC-001 [Rev. January 1, 2008]

**FORM INTERROGATORIES—GENERAL**

Code of Civil Procedure, §§
2030.010–2030.410, 2033.710
*www.courts.ca.gov*

**DISC-001**

**(2) INCIDENT** means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):*

(b) **YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(c) **PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

(d) **DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

(e) **HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

(f) **ADDRESS** means the street address, including the city, state, and zip code.

### Sec. 5. Interrogatories

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

## CONTENTS

1.0 Identity of Persons Answering These Interrogatories
2.0 General Background Information—Individual
3.0 General Background Information—Business Entity
4.0 Insurance
5.0 [Reserved]
6.0 Physical, Mental, or Emotional Injuries
7.0 Property Damage
8.0 Loss of Income or Earning Capacity
9.0 Other Damages
10.0 Medical History
11.0 Other Claims and Previous Claims
12.0 Investigation—General
13.0 Investigation—Surveillance
14.0 Statutory or Regulatory Violations
15.0 Denials and Special or Affirmative Defenses
16.0 Defendant's Contentions Personal Injury
17.0 Responses to Request for Admissions
18.0 [Reserved]
19.0 [Reserved]
20.0 How the Incident Occurred—Motor Vehicle
25.0 [Reserved]
30.0 [Reserved]
40.0 [Reserved]
50.0 Contract
60.0 [Reserved]
70.0 Unlawful Detainer [See separate form DISC-003]
101.0 Economic Litigation [See separate form DISC-004]
200.0 Employment Law [See separate form DISC-002] Family Law [See separate form FL-145]

**1.0 Identity of Persons Answering These Interrogatories**

[X] 1.1 State the name, **ADDRESS,** telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. (*Do not identify anyone who simply typed or reproduced the responses.*)

**2.0 General Background Information individual—**

[X] 2.1 State:
(a) your name;
(b) every name you have used in the past; and
(c) the dates you used each name.

[X] 2.2 State the date and place of your birth.

[X] 2.3 At the time of the **INCIDENT,** did you have a driver's license? If so state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

[X] 2.4 At the time of the **INCIDENT,** did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

[X] 2.5 State:
(a) your present residence **ADDRESS;**
(b) your residence **ADDRESSES** for the past five years; and
(c) the dates you lived at each **ADDRESS.**

[X] 2.6 State:
(a) the name, **ADDRESS,** and telephone number of your present employer or place of self-employment; and
(b) the name, **ADDRESS,** dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

[X] 2.7 State:
(a) the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
(b) the dates you attended;
(c) the highest grade level you have completed; and
(d) the degrees received.

[X] 2.8 Have you ever been convicted of a felony? If so, for each conviction state:
(a) the city and state where you were convicted;
(b) the date of conviction;
(c) the offense; and
(d) the court and case number.

[X] 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

[X] 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

DISC-001

[X] 2.11 At the time of the **INCIDENT** were you acting as an agent or employee for any **PERSON?** If so, state:

  (a)  the name, **ADDRESS,** and telephone number of that **PERSON:** and

  (b)  a description of your duties.

[X] **2.12 At the time of the INCIDENT** did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the **INCIDENT?** If so, for each person state:

  (a)  the name, **ADDRESS,** and telephone number;

  (b)  the nature of the disability or condition; and

  (c)  the manner in which the disability or condition contributed to the occurrence of the **INCIDENT.**

[X] 2.13 Within 24 hours before the **INCIDENT** did you or any person involved in the **INCIDENT** use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:

  (a)  the name, **ADDRESS,** and telephone number;

  (b)  the nature or description of each substance;

  (c)  the quantity of each substance used or taken;

  (d)  the date and time of day when each substance was used or taken;

  (e)  the **ADDRESS** where each substance was used or taken;

  (f)  the name, **ADDRESS,** and telephone number of each person who was present when each substance was used or taken; and

  (g)  the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

**3.0  General Background Information—Business Entity**

[ ] 3.1 Are you a corporation? If so, state:

  (a)  the name stated in the current articles of incorporation;

  (b)  all other names used by the corporation during the past 10 years and the dates each was used;

  (c)  the date and place of incorporation;

  (d)  the **ADDRESS** of the principal place of business; and

  (e)  whether you are qualified to do business in California.

[ ] 3.2 Are you a partnership? If so, state:

  (a)  the current partnership name;

  (b)  all other names used by the partnership during the past 10 years and the dates each was used;

  (c)  whether you are a limited partnership and, if so,  under the laws of what jurisdiction;

  (d)  the name and **ADDRESS** of each general partner; and

  (e)  the **ADDRESS** of the principal place of business.

[ ] 3.3 Are you a limited liability company? If so, state:

  (a)  the name stated in the current articles of organization;

  (b)  all other names used by the company during the past 10 years and the date each was used;

  (c)  the date and place of filing of the articles of organization;

  (d)  the **ADDRESS** of the principal place of business; and

  (e)  whether you are qualified to do business in California.

[ ] 3.4 Are you a joint venture? If so, state:

  (a)  the current joint venture name;

  (b)  all other names used by the joint venture during the past 10 years and the dates each was used;

  (c)  the name and **ADDRESS** of each joint venturer; and

  (d)  the **ADDRESS** of the principal place of business.

[ ] 3.5 Are you an unincorporated association? If so, state:

  (a)  the current unincorporated association name;

  (b)  all other names used by the unincorporated association during the past 10 years and the dates each was used; and

  (c)  the **ADDRESS** of the principal place of business.

[ ] 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:

  (a)  the name;

  (b)  the dates each was used;

  (c)  the state and county of each fictitious name filing; and

  (d)  the **ADDRESS** of the principal place of business.

[ ] 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:

  (a)  identify the license or registration;

  (b)  state the name of the public entity; and

  (c)  state the dates of issuance and expiration.

**4.0  Insurance**

[X] 4.1 At the time of the **INCIDENT,** was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, for each policy state:

  (a)  the kind of coverage;

  (b)  the name and **ADDRESS** of the insurance company;

  (c)  the name, **ADDRESS,** and telephone number of each named insured;

  (d)  the policy number;

  (e)  the limits of coverage for each type of coverage contained in the policy;

  (f)  whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and

  (g)  the name, **ADDRESS,** and telephone number of the custodian of the policy.

[X] 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, specify the statute.

**5.0** *[Reserved]*

**6.0 Physical, Mental, or Emotional Injuries**

[X] 6.1 Do you attribute any physical, mental, or emotional injuries to the **INCIDENT?** *(If your answer is "no," do not answer interrogatories 6.2 through 6.7).*

[X] 6.2 Identify each injury you attribute to the **INCIDENT** and the area of your body affected.

**DISC-001**



[X] 6.3 Do you still have any complaints that you attribute to the **INCIDENT?** If so, for each complaint state:

(a)   a description;

(b)   whether the complaint is subsiding, remaining the same, or becoming worse; and

(c)   the frequency and duration.

[X] 6.4 Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT?** If so, for each **HEALTH CARE PROVIDER** state:

(a)   the name, **ADDRESS,** and telephone number;

(b)   the type of consultation, examination, or treatment provided;

(c)   the dates you received consultation, examination, or treatment; and

(d)   the charges to date.

[X] 6.5 Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **INCIDENT?** If so, for each medication state:

(a)   the name;

(b)   the **PERSON** who prescribed or furnished it;

(c)   the date it was prescribed or furnished;

(d)   the dates you began and stopped taking it; and

(e)   the cost to date.

[X] **6.6 Are there any other medical services necessitated by the injuries that you attribute to the INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:

(a)   the nature;

(b)   the date;

(c)   the cost; and

(d)   the name, **ADDRESS,** and telephone number of each provider.

[X] 6.7 Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT?** If so, for each injury state:

(a)   the name and **ADDRESS** of each **HEALTH CARE PROVIDER;**

(b)   the complaints for which the treatment was advised; and

(c)   the nature, duration, and estimated cost of the treatment.

## 7.0 Property Damage

[X] 7.1 Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT?** If so, for each item of property:

(a)   describe the property;

(b)   describe the nature and location of the damage to the property;

(c)   state the amount of damage  you  are  claiming  for each item of property and how the amount was calculated; and

(d)   if the property was sold, state the name, **ADDRESS,** and telephone number of the seller, the date of sale, and the sale price.

[X] 7.2 Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:

(a)   the name, **ADDRESS,** and telephone number of the **PERSON** who prepared it and the date prepared;

(b)   the name, **ADDRESS,** and telephone number  of each **PERSON** who has a copy of it; and

(c)   the amount of damage stated.

[X] 7.3 Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:

(a)   the date repaired;

(b)   a description of the repair;

(c)   the repair cost;

(d)   the name, **ADDRESS,** and telephone number of the **PERSON** who repaired it;

(e)   the name, **ADDRESS,** and telephone number of the **PERSON** who paid for the repair.

## 8.0 Loss of Income or Earning Capacity

[X] 8.1 Do you attribute any loss of income or earning capacity to the **INCIDENT?** *(If your answer is "no," do not answer interrogatories 8.2 through 8.8).*

[X] 8.2 State:

(a)   the nature of your work;

(b)   your job title at the time of the **INCIDENT;** and

(c)   the date your employment began.

[X] 8.3 State the last date before the **INCIDENT** that you worked for compensation.

[X] 8.4 State your monthly income at the time of the **INCIDENT** and how the amount was calculated.

[X] 8.5 State the date you returned to work at each place of employment following the **INCIDENT.**

[X] 8.6 State the dates you did not work and for which you lost income as a result of the **INCIDENT.**

[X] 8.7 State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

[X] 8.8 Will you lose income in the future as a result of the **INCIDENT?** If so, state:

(a)   the facts upon which you base this contention;

(b)   an estimate of the amount;

(c)   an estimate of how long you will be unable to work; and

(d)   how the claim for future income is calculated.

DISC-001

**9.0  Other Damages**

[X]  9.1 Are there any other damages that you attribute to the **INCIDENT?** If so, for each item of damage state:

(a)  the nature;

(b)  the date it occurred;

(c)  the amount; and

(d)  the name, **ADDRESS,** and telephone number of each **PERSON** to whom an obligation was incurred.

[X]  9.2 Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**10.0  Medical History**

[X]  10.1 At any time before the **INCIDENT** did you have complaints or injuries that involved the same part of your body claimed to have been injured in the **INCIDENT?** If so, for each state:

(a)  a description of the complaint or injury;

(b)  the dates it began and ended; and

(c)  the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** whom you consulted or who examined or treated you.

[X]  10.2 List all physical, mental, and emotional disabilities you had immediately before the **INCIDENT.** *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the **INCIDENT.** )*

[X]  10.3 At any time after the **INCIDENT,** did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:

(a)  the date and the place it occurred;

(b)  the name, **ADDRESS,** and telephone number of any other **PERSON** involved;

(c)  the nature of any injuries you sustained;

(d)  the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** who you consulted or who examined or treated you; and

(e)  the nature of the treatment and its duration.

**11.0  Other Claims and Previous Claims**

[X]  11.1 Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:

(a)  the date, time, and place and location (closest street **ADDRESS** or intersection) of the **INCIDENT** giving rise to the action, claim, or demand;

(b)  the name, **ADDRESS,** and telephone number of each **PERSON** against whom the claim or demand was made or the action filed;

(c)  the court, names of the parties, and case number of any action filed;

(d)  the  name, **ADDRESS,** and telephone number of any attorney representing you;

(e)  whether the claim or action has been resolved or is pending; and

(f)  a description of the injury.

[X]  11.2 In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:

(a)  the date, time, and place of the **INCIDENT** giving rise to the claim;

(b)  the name, **ADDRESS,** and telephone number of your employer at the time of the injury;

(c)  the name, **ADDRESS,** and telephone number of the workers' compensation insurer and the claim number;

(d)  the period of time during which you received workers' compensation benefits;

(e)  a description of the injury;

(f)  the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who provided services; and

(g)  the case number at the Workers' Compensation Appeals Board.

**12.0  Investigation—General**

[X]  12.1 State the name, **ADDRESS,** and telephone number of each individual:

(a)  who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT;**

(b)  who made any statement at the scene of the **INCIDENT;**

(c)  who heard any statements made about the **INCIDENT** by any individual at the scene; and

(d)  who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure section 2034).

[X]  12.2 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **INCIDENT?** If so, for each individual state:

(a)  the name, **ADDRESS,** and telephone number of the individual interviewed;

(b)  the date of the interview; and

(c)  the name, **ADDRESS,** and telephone number of the **PERSON** who conducted the interview.

[X]  12.3 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **INCIDENT?** If so, for each statement state:

(a)  the name, **ADDRESS,** and telephone number of the individual from whom the statement was obtained;

(b)  the name, **ADDRESS,** and telephone number of the individual who obtained the statement;

(c)  the date the statement was obtained; and

(d)  the name, **ADDRESS,** and telephone number of each **PERSON** who has the original statement or a copy.

DISC-001



[X] 12.4 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

(a) the number of photographs or feet of film or videotape;

(b) the places, objects, or persons photographed, filmed, or videotaped;

(c) the date the photographs, films, or videotapes were taken;

(d) the name, **ADDRESS,** and telephone number of the individual taking the photographs, films, or videotapes; and

(e) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

[X] 12.5 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) concerning the **INCIDENT?** If so, for each item state:

(a) the type (i.e., diagram, reproduction, or model);

(b) the subject matter; and

(c) the name, **ADDRESS,** and telephone number of each **PERSON** who has it.

[X] 12.6 Was a report made by any **PERSON** concerning the **INCIDENT?** If so, state:

(a) the name, title, identification number, and employer of the **PERSON** who made the report;

(b) the date and type of report made;

(c) the name, **ADDRESS,** and telephone number of the **PERSON** for whom the report was made; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the report.

[X] 12.7 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT?** If so, for each inspection state:

(a) the name, **ADDRESS,** and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and

(b) the date of the inspection.

**13.0 Investigation—Surveillance**

[X] 13.1 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance state:

(a) the name, **ADDRESS,** and telephone number of the individual or party;

(b) the time, date, and place of the surveillance;

(c) the name, **ADDRESS,** and telephone number of the individual who conducted the surveillance; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

[X] 13.2 Has a written report been prepared on the surveillance? If so, for each written report state:

(a) the title;

(b) the date;

(c) the name, **ADDRESS,** and telephone number of the individual who prepared the report; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy.

**14.0 Statutory or Regulatory Violations**

[X] 14.1 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT?** If so, identify the name, **ADDRESS,** and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

[X] 14.2 Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT?** If so, for each **PERSON** state:

(a) the name, **ADDRESS,** and telephone number of the **PERSON;**

(b) the statute, ordinance, or regulation allegedly violated;

(c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and

(d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

**15.0 Denials and Special or Affirmative Defenses**

[ ] 15.1 Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:

(a) state all facts upon which you base the denial or special or affirmative defense;

(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**16.0 Defendant's Contentions—Personal Injury**

[ ] 16.1 Do you contend that any **PERSON,** other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON:**

(a) state the name, **ADDRESS,** and telephone number of the **PERSON;**

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

[ ] 16.2 Do you contend that plaintiff was not injured in the **INCIDENT?** If so:

(a) state all facts upon which you base your contention;

(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**DISC-001**

☐ 16.3 Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the **INCIDENT**? If so, for each injury:

(a) identify it;

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.4 Do you contend that any of the services furnished by any **HEALTH CARE PROVIDER** claimed by plaintiff in discovery proceedings thus far in this case were not due to the **INCIDENT**? If so:

(a) identify each service;

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.5 Do you contend that any of the costs of services furnished by any **HEALTH CARE PROVIDER** claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:

(a) identify each cost;

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.6 Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the **INCIDENT**? If so:

(a) identify each part of the loss;

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.7 Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the **INCIDENT**? If so:

(a) identify each item of property damage;

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.8 Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:

(a) identify each cost item; state all facts upon which you base your contention;

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.9 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the **INCIDENT** by a plaintiff in this case? If so, for each plaintiff state:

(a) the source of each **DOCUMENT;**

(b) the date each claim arose;

(c) the nature of each claim; and

(d) the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

☐ 16.10 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a **HEALTH CARE PROVIDER** not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)? If so,for each plaintiff state:

(a) the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER;**

(b) a description of each **DOCUMENT**; and

(c) the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**17.0 Responses to Request for Admissions**

☒ 17.1 Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a) state the number of the request;

(b) state all facts upon which you base your response;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**18.0** *[Reserved]*

**19.0** *[Reserved]*

**20.0 How the Incident Occurred—Motor Vehicle**

☐ 20.1 State the date, time, and place of the **INCIDENT** (closest street **ADDRESS** or intersection).

☐ 20.2 For each vehicle involved in the **INCIDENT,** state:

(a) the year, make, model, and license number;

(b) the name, ADDRESS, and telephone number of the driver;

DISC-001

(c)  the name, **ADDRESS,** and telephone number of each occupant other than the driver;

(d)  the name, **ADDRESS,** and telephone number of each registered owner;

(e)  the name, **ADDRESS,** and telephone number of each lessee;

(f)  the name, **ADDRESS,** and telephone number of each owner other than the registered owner or lien  holder; and

(g)  the name of each owner who gave permission or consent to the driver to operate the vehicle.

☐ 20.3 State the **ADDRESS** and location where your trip began and the **ADDRESS** and location of your destination.

☐ 20.4 Describe the route that you followed from the beginning of your trip to the location of the **INCIDENT,** and state the location of each stop, other than routine traffic stops, during the trip leading up to the **INCIDENT.**

☐ 20.5 State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the **INCIDENT** for the 500 feet of travel before the **INCIDENT.**

☐ 20.6 Did the **INCIDENT** occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

☐ 20.7 Was there a traffic signal facing you at the time of the **INCIDENT?** If so, state:

(a)  your location when you first saw it;

(b)  the color;

(c)  the number of seconds it had been that color; and

(d)  whether the color changed between the time you first saw it and the **INCIDENT.**

☐ 20.8 State how the **INCIDENT** occurred, giving the speed, direction, and location of each vehicle involved:

(a)  just before the **INCIDENT;**

(b)  at the time of the **INCIDENT;** and (c) just after the **INCIDENT.**

☐ 20.9 Do you have information that a malfunction or defect in a vehicle caused the **INCIDENT**? If so:

(a)  identify the vehicle;

(b)  identify each malfunction or defect;

(c)  state the name, **ADDRESS,** and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d)  state the name, **ADDRESS,** and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the **INCIDENT?** If so:

(a)  identify the vehicle;

(b)  identify each malfunction or defect;

(c)  state the name, **ADDRESS,** and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d)  state the name, **ADDRESS,** and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.11 State the name, **ADDRESS,** and telephone number of each owner and each **PERSON** who has had possession since the **INCIDENT** of each vehicle involved in the **INCIDENT.**

**25.0** *[Reserved]*

**30.0** *[Reserved]*

**40.0** *[Reserved]*

**50.0 Contract**

☐ 50.1 For each agreement alleged in the pleadings:

(a)  identify each **DOCUMENT** that is part of the agreement and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**

(b)  state each part of the agreement not in writing, the name, **ADDRESS,** and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;

(c)  identify all **DOCUMENTS** that evidence any part of the agreement not in writing and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**

(d)  identify all **DOCUMENTS** that are part of any modification to the agreement, and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**

(e)  state each modification not in writing, the date, and the name, **ADDRESS,** and telephone number of each **PERSON** agreeing to the modification, and the date the modification was made;

(f)  identify all **DOCUMENTS** that evidence any modification of the agreement not in writing and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT.**

☐ 50.2 Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

☐ 50.3 Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

☐ 50.4 Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

☐ 50.5 Is any agreement alleged in the pleadings unenforceable? If so, identify each unenforceable agreement and state why it is unenforceable.

☐ 50.6 Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**60.0** *[Reserved]*

Michael Greenslade (SBN 310874)
michael@greensladecronk.com
Anna H. Cronk (SBN 272970)
anna@greensladecronk.com
Seri Kattan-Wright (SBN 305774)
seri@greensladecronk.com
GREENSLADE CRONK, LLP
5455 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90036
Tel: 323-747-7474
Fax: 213-289-1566

Attorneys for Plaintiff DONNA BRADY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

DONNA BRADY,

        Plaintiffs,

vs.

KOHL'S, INC., AND DOES 1 THROUGH 20, INCLUSIVE.

        Defendants.

Case No. 21STCV38554

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

**REQUESTING PARTY:**    Defendant, KOHL'S, INC

**RESPONDING PARTY:**    Plaintiff, DONNA BRADY

**SET NUMBER:**    ONE

    Plaintiff  DONNA BRADY hereby provides responses to Defendant KOHL'S, INC.'s Form Interrogatories, Set One, as follows:

## GENERAL OBJECTIONS

    These Responses are based upon Responding Party's understanding of the nature and type of information requested, and upon information and documents presently known and/or available to Responding Party and Responding Party's attorneys. Responding Party has not presently completed Responding Party's investigation of facts and issues relative to this action, and has not completed

Responding Party's preparation for trial. Accordingly, there may exist other information or documents of which Responding Party may become aware or which may come into Responding Party's possession at a later time which may relate to these Responses.

These Responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered information or documents. Responding Party hereby reserves the right to supplement, revise, modify, change, and/or amend this Response, including any inadvertent errors or omissions which may be contained herein, in light of any information or documents which it may subsequently obtain or discover.

Responding Party has not provided herewith any information or documents which are subject to the attorney-client privilege or to work-product protection, and hereby claims and asserts such privileges and protections as to any and all such information and documents. Responding Party has made a diligent search and reasonable inquiry in an effort to comply with each of Defendant's interrogatories, to the extent that such interrogatories seek information which is non-privileged and discoverable.

Responding Party further objects to Defendants' Form Interrogatories to the extent that they seek information beyond the scope of permissible discovery, as contemplated by the *Code of Civil Procedure* Sections 2017, 2018, 2019, 2020, and 2030.

The entirety of the foregoing Introduction is hereby expressly incorporated by this reference into each of the following responses, rather than repeating it verbatim for each response.

All responses hereto are made on information and belief.

## RESPONSES TO FORM INTERROGATORIES

### PRELIMINARY STATEMENT

1.    It is to be noted that this responding party has not fully completed investigation of the facts, discovery, and preparation for the trial of this case.  The following responses are based only on such information and documents which are presently available to and specifically known to this responding party and disclose only those contentions presently known to the responding party.  It is anticipated that further discovery, independent investigation, legal research and analysis will supply

additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions. This discovery, independent investigation, legal research and analysis may lead to additions, changes and/or variations from the contentions set forth herein.

2.     The following responses are given without prejudice to the responding party's right to produce any subsequently discovered evidence which this responding party may later recall.   The responding party reserves the right to change any and all of the following responses as additional facts are ascertained, legal research is completed and analysis and contentions are made.   The following responses are made in good faith to supply factual information and as much specification of legal contentions as are presently known, but shall in no way prejudice the responding party in relation to further discovery, research or analysis.

**RESPONSE TO FORM INTERROGATORY NO. 1.1:**

Michael Greenslade, Anna Cronk, Seri Kattan-Wright, and Justin Lovelace of Greenslade Cronk, LLP, Plaintiff's attorneys of record, and Responding Party who can be reached through counsel.

**RESPONSE TO FORM INTERROGATORY NO. 2.1:**

(a) Donna Sue Brady

(b) Donna Sue Brady; Donna Sue Larsen (maiden name);

(c) Donna Sue Larsen (up until marriage), Donna Sue Brady (after marriage).

**RESPONSE TO FORM INTERROGATORY NO. 2.2:**

04/15/37 in Chicago, Illinois.

**RESPONSE TO FORM INTERROGATORY NO. 2.3:**

Objection. This interrogatory violates privacy rights and is not reasonably calculated to lead to the discovery of admissible evidence.  (See *CBS v. Superior Court* (1968) 263 Cal.App.2d 12.)

Without waiving said objections, Responding Party responds as follows: Yes.

(a) California;

(b) E0603814, Class C;

(c) 04/13/2016

3

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

(d) None.

Discovery is continuing. Should further additional information become available, Plaintiff reserves the right to provide a future supplemental response.

**RESPONSE TO FORM INTERROGATORY NO. 2.4:**

Objection. This interrogatory violates privacy rights and is not reasonably calculated to lead to the discovery of admissible evidence. (See *CBS v. Superior Court* (1968) 263 Cal.App.2d 12.)

Without waiving said objections, Responding Party responds as follows:  No.

**RESPONSE TO FORM INTERROGATORY NO. 2.5:**

Objection. This interrogatory violates privacy rights and is not reasonably calculated to lead to the discovery of admissible evidence. (See *CBS v. Superior Court* (1968) 263 Cal.App.2d 12.)

Without waiving said objections, Responding Party responds as follows:

(a) 13060 Thoroughbred Way, Whittier, CA 90601;

(b) Responding Party has lived at 13060 Thoroughbred Way, Whittier, CA 90601 for more than 5 years.

**RESPONSE TO FORM INTERROGATORY NO. 2.6:**

Objection. This interrogatory is vague, ambiguous, violates privacy rights, and is not reasonably calculated to lead to the discovery of admissible evidence (See *CBS v. Superior Court* (1968) 263 Cal.App.2d 12).

Without waiving said objections, Responding Party responds as follows:

a) Responding Party is employed as a referral agent for Coldwell Banker, at 15025 Whittier Blvd, Whittier, CA 90603

b) Responding Party has been employed as a referral agent for Coldwell Banker, at 15025 Whittier Blvd, Whittier, CA 90603 for about a month.  Prior to that she was self employed as a real estate agent working with Coldwell Banker, at 15025 Whittier Blvd, Whittier, CA 90603 for more than 5 years before the incident.

Discovery is continuing. Should further additional information become available, Plaintiff reserves the right to provide a future supplemental response.

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

**RESPONSE TO FORM INTERROGATORY NO. 2.7:**

Objection. This interrogatory violates privacy rights and is not reasonably calculated to lead to the discovery of admissible evidence (See *CBS v. Superior Court* (1968) 263 Cal.App.2d 12).

Without waiving said objections, Responding Party responds as follows: Responding Party attended high school at Maine Township in Niles, Illinois in the early 19503 and graduated with a high school diploma.  She attended various classes at Rio Hondo Junior College, 3600 Workman Mill Rd, Whittier, CA 90601, in 1968 but did not obtain a degree.

Discovery is continuing. Should further additional information become available, Plaintiff reserves the right to provide a future supplemental response.

**RESPONSE TO FORM INTERROGATORY NO. 2.8:**

Objection. This interrogatory is vague, ambiguous, violates privacy rights, and is not reasonably calculated to lead to the discovery of admissible evidence (See *CBS v. Superior Court* (1968) 263 Cal.App.2d 12).

Without waiving said objections, Responding Party responds as follows: No.

Discovery is continuing. Should further additional information become available, Plaintiff reserves the right to provide a future supplemental response.

**RESPONSE TO FORM INTERROGATORY NO. 2.9:**

Yes.

**RESPONSE TO FORM INTERROGATORY NO. 2.10:**

Yes.

**RESPONSE TO FORM INTERROGATORY NO. 2.11**

Objection. This interrogatory is vague, ambiguous, calls for legal conclusion, violates privacy rights, and is not reasonably calculated to lead to the discovery of admissible evidence (See *CBS v. Superior Court* (1968) 263 Cal.App.2d 12).

Without waiving said objections, Responding Party responds as follows:  No.

**RESPONSE TO FORM INTERROGATORY NO. 2.12:**

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

Objection. This interrogatory is vague, ambiguous, violates privacy rights, calls for expert testimony in violation of California *Code of Civil Procedure* section 2034.010, et seq., and calls for a legal conclusion.

Without waiving said objections, Responding Party responds as follows: As for Responding Party, no. Responding Party does not have sufficient personal knowledge despite a reasonable and good faith effort to respond as to any other involved person to respond more fully.

Discovery is continuing. Should further additional information become available, Plaintiff reserves the right to provide a future supplemental response.

**RESPONSE TO FORM INTERROGATORY NO. 2.13:**

Objection. This interrogatory is vague, ambiguous, calls for speculation, violates privacy rights, is not reasonably calculated to lead to the discovery of admissible evidence, calls for expert opinion, and violates California *Code of Civil Procedure* section 2034.010 et seq.

Without waiving said objections, Responding Party responds as follows: As for Responding Party, she was taking the following prescription medications at the time of the incident: amlodipine (a 2.5 mg tablet once a day), atenolol (a 25mg tablet twice a day), and atorvastatin (a 10 mg tablet once a day), which are prescribed by Dr. Sudhaker H. Nayak, 12462 Putnam St #203, Whittier, CA 90602, (562) 789-5430.

Responding Party does not have sufficient personal knowledge despite a reasonable and good faith effort to respond as to any other involved person to respond more fully.

Discovery is continuing. Should further additional information become available, Plaintiff reserves the right to provide a future supplemental response.

**RESPONSE TO FORM INTERROGATORY NO. 4.1:**

Objection. This interrogatory violates privacy rights, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks to violate the collateral source rule. (See *Lund v. San Joaquin Railroad* (2003) 31 Cal.4th 1, 10, see also *Hrnjak v. Graymar, Inc.* (1971) 4 Cal.3d 725, 729, see also *Helfend v. Southern Cal. Rapid Transit Dist.* (1970) 2 Cal.3d 1.)

Without waiving said objections, Responding Party responds as follows: Yes.

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

(a)  Medicare Health insurance;

(b)  Medicare, Medicare Contact Center Operations, PO Box 1270, Lawrence, KS 66044, (800) 633-4227;

(c)  Donna S. Brady;

(d)  Medicare Number: 6AA0-KG5-TX37

///

(a)  Health insurance (Medicare Supplement);

(b)  Blue Shield of California, 601 12th Street, Oakland, CA 94607, (510) 607-2000

(c)  Donna S. Brady;

(d)  ID # XEM904033372

///

(a)  Long Term Care insurance;

(b)  BC Life & Health Insurance Company, P.O. Box 12944, Pensacola, FL 32576, (800) 347-6576;

(c)  Donna S. Brady;

(d)  Policy Number BC0017503.


Discovery is ongoing and Plaintiff reserves the right to supplement or amend responses.

**RESPONSE TO FORM INTERROGATORY NO. 4.2:**

Objection. This interrogatory violates privacy rights and is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving said objections, Responding Party responds as follows:  No.

**RESPONSE TO FORM INTERROGATORY NO. 6.1:**

Objection. This interrogatory is vague, ambiguous, calls for expert opinion, violates California *Code of Civil Procedure* section 2034.010 et seq., and violates the attorney-client privilege and attorney work-product doctrine.

Without waiving said objections, Responding Party responds as follows:  Yes.

Discovery is ongoing and Plaintiff reserves the right to supplement or amend responses.

**RESPONSE TO FORM INTERROGATORY NO. 6.2:**

Objection. This interrogatory is vague, ambiguous, calls for expert opinion, violates California *Code of Civil Procedure* section 2034.010 et seq., and violates the attorney-client privilege and attorney work-product doctrine.

Without waiving said objections, Responding Party responds as follows: Responding Party suffered displaced intertrochanteric fracture of the left hip, left femur neck fracture, left and right shoulder wasting/atrophy, rotator cuff insufficiency of right shoulder, left hip pain secondary to mechanical fall, and right shoulder pain. Since the incident, she can no longer walk without a cane or walker for support. Since the incident, if Responding Party sits for a long time, she experiences back spasms.

As a further response would necessitate the creation of an audit or summary from existing documents in Responding Party's possession, Responding Party opts to exercise her right to and will produce non-privileged medical records responsive to this request.

Discovery is pending and Plaintiff reserves the right to supplement this response should further information more responsive to this interrogatory become available.

**RESPONSE TO FORM INTERROGATORY NO. 6.3:**

Objection. This interrogatory is vague, ambiguous, calls for expert opinion, violates California *Code of Civil Procedure* section 2034.010 et seq., and violates the attorney-client privilege and attorney work-product doctrine.

Without waiving said objections, Responding Party responds as follows: Responding Party suffers shoulder and back pain from using the cane or walker, the shoulder pain got bad in the last year was constant until she got the shoulder cortisone shot on 1/28/21, needs a cane or walker to walk now

(a) Shoulder pain;

(b) Subsiding since Responding Party received a cortisone shot to the shoulder on January 28, 2022;

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

(c) Constant and daily.

///

(a) Since the incident, Responding Party needs a walker or cane to walk and cannot walk up or down stairs;

(b) Remaining the same;

(c) Constant and daily.

Discovery is pending and Plaintiff reserves the right to supplement this response should further information more responsive to this interrogatory become available.

**RESPONSE TO FORM INTERROGATORY NO. 6.4:**

Objection. This interrogatory is vague, ambiguous, calls for expert opinion, violates California *Code of Civil Procedure* section 2034.010 et seq., and violates the attorney-client privilege and attorney work-product doctrine.

Without waiving said objections, Responding Party responds as follows:  Yes. Responding Party received treatment from the following healthcare providers:

(a) CARE Ambulance Service, 1517 W. Braden Court, Orange, CA 92868-1125, (877) 972-0999;

(b) pain assessment, patient comfort measures, transported by ambulance to hospital;

(c) 10/30/2019;

(d) To the best of her ability, Responding Party does not recall the charges that have been incurred to date for treatment by CARE Ambulance Service. Responding Party, however, reasonably believes that CARE Ambulance Service and/or its billing department has the information responsive to this request. This information is equally available. Should Plaintiff obtain further responsive information, she will supplement this response;

///

(a) PIH Health Hospital - Whittier, 12401 Washington Blvd, Whittier, CA 90602, (562) 698-0811;

PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES

(b) x-rays of left femur, chest, hip unilateral left; reposition left upper femur with intramedullary internal fixation device; left hip open reduction with internal fixation; occupational therapy; EKG;

(c) 10/30/2019 - 11/14/2019;

(d) $276,142.10;

///

(a) SoCal Post Acute Care, 7931 Sorensen Ave, Whittier, CA 90606, (562) 698-0451;

(b) wound incision care, occupational therapy, therapeutic exercise, neuro-muscular re-education, gait training, x-rays;

(c) 11/14/2019 – 1/14/20;

(d) $45,970.52;

///

(a) Pacific Coast Medical Services, 1440 State College Blvd # 3K, Anaheim, CA 92806, (714) 758-0660;

(b) left hip x-ray;

(c) 1/11/2020;

(d) $336.03;

///

(a) Bradbourne Healthcare, Inc., 16029 Arrow Hwy # A, Baldwin Park, CA 91706, (626) 814-0200;

(b) skilled nursing visits, occupational and physical therapy;

(c) 1/16/20 - 7/15/20;

(d) $8,760.07;

///

(a) PIH Health Physicians, 12462 Putnam St #402, Whittier, CA 90602, (562) 789-5452;

(b) physical therapy, x-rays, follow up re back and left hip pain, exam re medical leave of absence from work;

(c) 12/2/19; 3/3/20; 6/23/20; 7/22/20; 8/20/20; 11/9/20; 12/1/20; 1/26/21; 5/17/21; 1/28/22;

(d) $5,160.00.

As a further response would necessitate the creation of an audit or summary from existing documents in Responding Party's possession, Responding Party opts to exercise her right to and will produce non-privileged medical records responsive to this request.

Discovery is continuing and Plaintiff reserves the right to supplement or amend this response should additional responsive information become available.

**RESPONSE TO FORM INTERROGATORY NO. 6.5:**

Objection. This interrogatory is vague, ambiguous, violates privacy rights, is not reasonably calculated to lead to the discovery of admissible evidence, calls for expert opinion, and violates California *Code of Civil Procedure* section 2034.010 et seq.

Without waiving said objections, Responding Party responds as follows: Acetaminophen tablets,  were given to Responding Party in PIH Health Hospital - Whittier.

(a) Acetaminophen tablets;

(b) PIH Health Hospital – Whittier;

(c) 10/30/2019 - 11/14/2019;

(d) 10/30/2019 - 11/14/2019;

(e) To the best of her ability, Responding Party does not recall the charges that have been incurred to date for medication provided by PIH Health Hospital – Whittier. Responding Party, however, reasonably believes that PIH Health Hospital – Whittier and/or its billing department has the information responsive to this request. This information is equally available. Should Plaintiff obtain further responsive information, she will supplement this response;

///

(a) ondansetron injection;

(b) PIH Health Hospital – Whittier;

(c) 10/30/2019 - 11/5/2019;

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

(d) 10/30/2019 - 11/5/2019;

(e) To the best of her ability, Responding Party does not recall the charges that have been incurred to date for medication provided by PIH Health Hospital – Whittier. Responding Party, however, reasonably believes that PIH Health Hospital – Whittier and/or its billing department has the information responsive to this request. This information is equally available. Should Plaintiff obtain further responsive information, she will supplement this response;

///

(a) ecotrin;

(b) PIH Health Hospital – Whittier;

(c) 10/30/2019 - 11/3/2019;

(d) 10/30/2019 - 11/3/2019;

(e) To the best of her ability, Responding Party does not recall the charges that have been incurred to date for medication provided by PIH Health Hospital – Whittier. Responding Party, however, reasonably believes that PIH Health Hospital – Whittier and/or its billing department has the information responsive to this request. This information is equally available. Should Plaintiff obtain further responsive information, she will supplement this response;

///

(a) acetaminophen tablet;

(b) SoCal Post Acute Care;

(c) 11/14/2019 - 1/14/2020;

(d) 11/14/2019 - 1/14/2020;

(e) To the best of her ability, Responding Party does not recall the charges that have been incurred to date for medication provided by PIH Health Hospital – Whittier. Responding Party, however, reasonably believes that PIH Health Hospital – Whittier and/or its billing department has the information responsive to this

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

information is equally available. Should Plaintiff obtain further responsive information, she will supplement this response.

As a further response would necessitate the creation of an audit or summary from existing documents in Responding Party's possession, Responding Party opts to exercise her right to and will produce medical records from PIH Health Hospital – Whittier or SoCal Post Acute Care, responsive to this request.

Discovery is pending and Plaintiff reserves the right to supplement this response should further information more responsive to this interrogatory become available.

**RESPONSE TO FORM INTERROGATORY NO. 6.6:**

Objection.  This interrogatory is vague, ambiguous, calls for expert opinion, violates California *Code of Civil Procedure* section 2034.010, and violates the attorney client privilege and/or the attorney work-product doctrine.

Without waiving said objections, Responding Party responds as follows: Responding Party needs a walker or cane to walk since the incident. She bought a cane at Rite Aid for approximately $50-$60, and a walker from AME Inc. - American Medical Enterprises Inc. at 12505 Lambert Rd, Whittier, CA 90606 for approximately $125.

Discovery is pending and Plaintiff reserves the right to supplement this response should further information more responsive to this interrogatory become available.

**RESPONSE TO FORM INTERROGATORY NO. 6.7:**

Objection. This interrogatory is vague, ambiguous, calls for speculation, violates privacy rights, calls for expert opinion, violates California *Code of Civil Procedure* section 2034.010 et seq., and violates the attorney-client privilege and attorney work-product doctrine.

Without waiving said objections, Responding Party responds as follows:  Responding Party continues to attend physical therapy sessions with PIH Health per the recommendation of Dr. Amir Rounaghi, 12462 Putnam St #402, Whittier, CA 90602.

Discovery is pending and Plaintiff reserves the right to supplement this response should further information more responsive to this interrogatory appear.

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

**RESPONSE TO FORM INTERROGATORY NO. 7.1:**

Objection. This interrogatory is vague, ambiguous, violates privacy rights, calls for expert opinion, violates California *Code of Civil Procedure* section 2034.010 et seq., and violates the attorney-client privilege and attorney work-product doctrine.

Without waiving said objections, Responding Party responds as follows:  No.

Discovery is pending and Plaintiff reserves the right to supplement this response should further information more responsive to this interrogatory appear.

**RESPONSE TO FORM INTERROGATORY NO. 7.2:**

Objection. This interrogatory is vague, ambiguous, violates privacy rights, calls for expert opinion, violates California *Code of Civil Procedure* section 2034.010 et seq., and violates the attorney-client privilege and attorney work-product doctrine.

Without waiving said objections, Responding Party responds as follows:  Not applicable.

Discovery is pending and Plaintiff reserves the right to supplement this response should further information more responsive to this interrogatory appear.

**RESPONSE TO FORM INTERROGATORY NO. 7.3:**

Objection. This interrogatory is vague, ambiguous, violates privacy rights, calls for expert opinion, violates California *Code of Civil Procedure* section 2034.010 et seq., and violates the attorney-client privilege and attorney work-product doctrine.

Without waiving said objections, Responding Party responds as follows:  Not applicable.

Discovery is pending and Plaintiff reserves the right to supplement this response should further information more responsive to this interrogatory appear.

**RESPONSE TO FORM INTERROGATORY NO. 8.1:**

Objection.  This interrogatory is vague, ambiguous, calls for expert opinion, violates California *Code of Civil Procedure* section 2034.010, and violates the attorney-client privilege and/or the attorney work-product doctrine.

Without waiving said objections, Responding Party responds as follows: Yes.

**RESPONSE TO FORM INTERROGATORY NO. 8.2:**

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

Objection. This interrogatory is vague, ambiguous, violates privacy rights, calls for expert opinion, violates California *Code of Civil Procedure* section 2034.010 et seq., and violates the attorney-client privilege and attorney work-product doctrine.

Without waiving said objections, Responding Party responds as follows:

(a)     Responding Party was self employed a real estate agent, working with Coldwell Banker;

(b)     real estate agent;

(c)     October 1991.

Discovery is pending and Plaintiff reserves the right to supplement this response should further information more responsive to this interrogatory appear.

## RESPONSE TO FORM INTERROGATORY NO. 8.3:

Objection. This interrogatory is vague, ambiguous, violates privacy rights, calls for expert opinion, violates California *Code of Civil Procedure* section 2034.010 et seq., and violates the attorney-client privilege and attorney work-product doctrine.

Without waiving said objections, Responding Party responds as follows:  10/30/2019.

Discovery is pending and Plaintiff reserves the right to supplement this response should further information more responsive to this interrogatory appear.

## RESPONSE TO FORM INTERROGATORY NO. 8.4:

Objection. This interrogatory is vague, ambiguous, violates privacy rights, calls for expert opinion, violates California Code of Civil Procedure section 2034.010 et seq., and violates the attorney-client privilege and attorney work-product doctrine.

Without waiving said objections, Responding Party responds as follows:  Responding Party's monthly income as a real estate agent in 2019 was $978.27.

Discovery is pending and Plaintiff reserves the right to supplement this response should further information more responsive to this interrogatory appear.

## RESPONSE TO FORM INTERROGATORY NO. 8.5:

Objection. This interrogatory is vague, ambiguous, violates privacy rights, calls for expert opinion, violates California Code of Civil Procedure section 2034.010 et seq., and violates the attorney-client privilege and attorney work-product doctrine.

Without waiving said objections, Responding Party responds as follows:  Responding Party has not returned to work as a real estate agent since the incident occurred.  She began working as a referral agent for Coldwell Banker in December 2021.

Discovery is pending and Plaintiff reserves the right to supplement this response should further information more responsive to this interrogatory appear.

**RESPONSE TO FORM INTERROGATORY NO. 8.6:**

Objection. This interrogatory is vague, ambiguous, violates privacy rights, calls for expert opinion, violates California Code of Civil Procedure section 2034.010 et seq., and violates the attorney-client privilege and attorney work-product doctrine.

Without waiving said objections, Responding Party responds as follows:  10/30/2019 to present. Since Responding Party began working as a referral agent in December 2021, she has lost income compared to when she was working as a real estate agent previously. She currently has one listing and expects to make only a few thousand dollars when that sells since she is only a referral agent.

Discovery is pending and Plaintiff reserves the right to supplement this response should further information more responsive to this interrogatory appear.

**RESPONSE TO FORM INTERROGATORY NO. 8.7:**

Objection. This interrogatory is vague, ambiguous, violates privacy rights, calls for expert opinion, violates California Code of Civil Procedure section 2034.010 et seq., and violates the attorney-client privilege and attorney work-product doctrine.

Without waiving said objections, Responding Party responds as follows:  Responding Party has not returned to work as a real estate agent since the incident occurred. She began working as a referral agent for Coldwell Banker in December 2021 and has lost income compared to when she

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

was working as a real estate agent previously. Responding Party currently has one listing and expects to make only a few thousand dollars when that sells since she is only a referral agent.

Discovery is pending and Plaintiff reserves the right to supplement this response should further information more responsive to this interrogatory appear.

**RESPONSE TO FORM INTERROGATORY NO. 8.8:**

Objection. This interrogatory is vague, ambiguous, violates privacy rights, calls for expert opinion, violates California Code of Civil Procedure section 2034.010 et seq., and violates the attorney-client privilege and attorney work-product doctrine.

Without waiving said objections, Responding Party responds as follows:  Responding Party will lose future income for as long as she is unable to work at the same level that she did pre-accident, because she now requires a cane or walker to walk.

Discovery is pending and Plaintiff reserves the right to supplement this response should further information more responsive to this interrogatory appear.

**RESPONSE TO FORM INTERROGATORY NO. 9.1:**

Objection. This interrogatory is vague, ambiguous, calls for expert opinion, violates California Code of Civil Procedure section 2034.010 et seq., and violates the attorney-client privilege and attorney work-product doctrine.

Without waiving said objections, Responding Party responds as follows:  Responding Party is unaware of any responsive damages at this time.

Discovery is continuing and Plaintiff reserves the right to supplement this response should additional responsive information become available.

**RESPONSE TO FORM INTERROGATORY NO. 9.2:**

Objection. This interrogatory is vague, ambiguous, calls for expert opinion, violates California Code of Civil Procedure section 2034.010 et seq., and violates the attorney-client privilege and attorney work-product doctrine.

Without waiving said objections, Responding Party responds as follows:  Responding Party is unaware of any responsive damages at this time.

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

Discovery is continuing and Plaintiff reserves the right to supplement this response should additional responsive information become available.

**RESPONSE TO FORM INTERROGATORY NO. 10.1:**

Objection. This interrogatory is vague, ambiguous, violates privacy rights, calls for expert opinion, violates California *Code of Civil Procedure* section 2034.010 et seq., and violates the attorney-client privilege and attorney work-product doctrine.

Without waiving said objections, Responding Party responds as follows: Yes.

(a) Responding Party had a fall to a carpeted floor in August of 2018, landing on her right shoulder.  She suffered pain in the thoracic spine and a wedge compression fracture of the T7-T8 vertebra.

(b) August 2018 to approximately January 2019

(c) Dr. Elizabeth J. McShane, 12291 Washington Blvd # 301, Whittier, CA 90606, (562) 698-2200.

Professional Physical Therapy Associates-CA, 15141 Whittier Blvd # 100, Whittier, CA 90603, (562) 945-1587.

Discovery is continuing and Plaintiff reserves the right to supplement this response should additional responsive information become available.

**RESPONSE TO FORM INTERROGATORY NO. 10.2:**

Objection. This interrogatory is vague, ambiguous, violates privacy rights, calls for expert opinion, violates California *Code of Civil Procedure* section 2034.010 et seq., and violates the attorney-client privilege and attorney work-product doctrine.

Without waiving said objection, Responding Party responds as follows: None.

Discovery is continuing and Plaintiff reserves the right to supplement this response should additional responsive information become available.

**RESPONSE TO FORM INTERROGATORY NO. 10.3:**

Objection. This interrogatory is vague, ambiguous, violates privacy rights, calls for expert opinion, violates California *Code of Civil Procedure* section 2034.010 et seq., and violates the

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

attorney-client privilege and attorney work-product doctrine.

Without waiving said objection, Responding Party responds as follows:  No.

Discovery is continuing and Plaintiff reserves the right to supplement this response should additional responsive information become available.

**RESPONSE TO FORM INTERROGATORY NO. 11.1:**

Objection. This interrogatory is vague, ambiguous, violates privacy rights, calls for legal conclusion, is not reasonably calculated to lead to the discovery of admissible evidence, violates California *Code of Civil Procedure* section 2034.010 et seq., and violates the attorney-client privilege and attorney work-product doctrine.

Without waiving said objection, Responding Party responds as follows:  No.

**RESPONSE TO FORM INTERROGATORY NO. 11.2:**

Objection. This interrogatory is vague, ambiguous, violates privacy rights, calls for legal conclusion, calls for expert opinion, violates California *Code of Civil Procedure* section 2034.010 et seq., and violates the attorney-client privilege and attorney work-product doctrine.

Without waiving said objection, Responding Party responds as follows:  No.

**RESPONSE TO FORM INTERROGATORY NO. 12.1:**

Objection. This interrogatory is vague, ambiguous, violates privacy rights, calls for legal conclusion, calls for speculation, calls for expert opinion, violates California *Code of Civil Procedure* section 2034.010 et seq., violates the attorney-client privilege and attorney work-product doctrine, and it requests information that is equally available to propounding party.

Without waiving said objection, Responding Party responds as follows: Agela Gardener, 14759 Terryknoll Dr., Whittier, CA 90604, 626-213-7528 and other, unidentified individuals, including but not limited to one or more of Propounding Party's employees. Responding Party does not have sufficient personal knowledge despite a reasonable and good faith effort to respond more fully.

Discovery is continuing and Plaintiff reserves the right to supplement this response should additional responsive information become available.

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

**RESPONSE TO FORM INTERROGATORY NO. 12.2:**

Objection. This interrogatory is vague, ambiguous, calls for expert opinion, violates California *Code of Civil Procedure* section 2034, violates the attorney-client privilege and/or attorney work-product doctrine (*Nacht & Lewis Architects v. Superior Court* (1996) 47 Cal.App.4th 214, 218).

Without waiving said objections, Responding Party responds as follows:

(a)  Agela Gardener, 14759 Terryknoll Dr., Whittier, CA 90604; 626-213-7528;

(b)  3/2/22

(c)  Seri Kattan-Wright, 5455 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90036; (323) 747-7474.

Discovery is continuing and Plaintiff reserves the right to supplement this response should additional responsive information become available.

**RESPONSE TO FORM INTERROGATORY NO. 12.3:**

Objection. This interrogatory is vague, ambiguous, calls for expert opinion, calls for legal conclusion, violates California *Code of Civil Procedure* section 2034, violates attorney-client privilege and/or attorney work-product doctrine (*Nacht & Lewis Architects v. Superior Court* (1996) 47 Cal.App.4th 214, 218).

Without waiving said objections, Responding Party responds as follows: No.

Discovery is continuing and Plaintiff reserves the right to supplement this response should additional responsive information become available.

**RESPONSE TO FORM INTERROGATORY NO. 12.4:**

Objection. This interrogatory is vague, ambiguous, calls for seeks expert opinion, violates California *Code of Civil Procedure* section 2034, violates attorney-client privilege and/or attorney work-product doctrine (*Nacht & Lewis Architects v. Superior Court* (1996) 47 Cal.App.4th 214, 218).

Without waiving said objections, Responding Party responds as follows:  Yes.

(a)  4 photographs;

(b)  Recent photographs of Responding Party, seated or standing next to a source of support;

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

(c) In 2021 or 2022;

(d) Plaintiff DONNA BRADY, who can be reached through counsel.

///

(a) 1 photographs;

(b) Photograph of the shoe that Responding Party was wearing when the incident occurred;

(c) In 2022;

(d) Plaintiff DONNA BRADY, who can be reached through counsel.

///

(a) 1 video;

(b) Security camera footage of the scene of the incident;

(c) 10/30/2019;

(d) Defendant KOHL'S, INC.

///

(a) 7 photographs;

(b) Photographs of the Kohl's store where the incident occurred;

(c) September 2021;

(d) Plaintiff DONNA BRADY, who can be reached through counsel.

Discovery is pending and Plaintiff reserves the right to supplement this response should further information more responsive to this interrogatory appear.

**RESPONSE TO FORM INTERROGATORY NO. 12.5:**

Objection. This interrogatory is vague, ambiguous, calls for expert opinion, violates California *Code of Civil Procedure* section 2034, violates attorney-client privilege and/or attorney work-product doctrine (*Nacht & Lewis Architects v. Superior Court* (1996) 47 Cal.App.4th 214, 218).

Without waiving said objections, Responding Party responds as follows:  Responding Party is unaware of any diagram, reproduction, or model at this time.

Discovery is pending and Plaintiff reserves the right to supplement this response should further information more responsive to this interrogatory appear.

**RESPONSE TO FORM INTERROGATORY NO. 12.6:**

Objection. This interrogatory is vague, ambiguous, it requests information that is equally available to propounding party, calls for expert opinion, violates California *Code of Civil Procedure* section 2034, violates the attorney-client privilege and/or the attorney work-product doctrine (*Nacht & Lewis Architects v. Superior Court* (1996) 47 Cal.App.4th 214, 218).

Without waiving said objections, Responding Party responds as follows:

(a) Unknown to Responding Party;

(b) 10/30/2019, Customer Incident Report;

(c) Defendant KOHL'S, INC.

(d) Defendant KOHL'S, INC. Responding Party does not have sufficient personal knowledge despite a reasonable and good faith effort to respond more fully.

///

(a) Alexander Espinoza (Crew # 5917) or Marissa Hiller (Crew # 4767), employed by CARE Ambulance Service;

(b) 10/30/2019, Patient Care Report;

(c) CARE Ambulance Service, 1517 W. Braden Court, Orange, CA 92868-1125, (877) 972-0999;

(d) CARE Ambulance Service. Responding Party does not have sufficient personal knowledge despite a reasonable and good faith effort to respond more fully.

Discovery is pending and Plaintiff reserves the right to supplement this response should further information more responsive to this interrogatory appear.

**RESPONSE TO FORM INTERROGATORY NO. 12.7:**

Objection. This interrogatory is vague, ambiguous, it requests information that is equally available to propounding party, it seeks expert information protected by California *Code of Civil*

*Procedure* section 2034, violates the attorney-client privilege and/or the attorney work-product doctrine (*Nacht & Lewis Architects v. Superior Court* (1996) 47 Cal.App.4th 214, 218).

Without waiving said objections, Responding Party responds as follows:

(a)  Plaintiff DONNA BRADY, who can be reached through counsel;

(b)  September 2021.

Discovery is pending and Plaintiff reserves the right to supplement this response should further information more responsive to this interrogatory appear.

## RESPONSE TO FORM INTERROGATORY NO. 13.1:

Objection. This interrogatory is vague, ambiguous, calls for expert opinion, violates California *Code of Civil Procedure* section 2034, violates attorney-client privilege and/or attorney work-product doctrine (*Nacht & Lewis Architects v. Superior Court* (1996) 47 Cal.App.4th 214, 218).

Without waiving said objections, Responding Party responds as follows:  Responding Party is unaware of any surveillance at this time.

Discovery is continuing and Plaintiff reserves the right to supplement this response should additional responsive information become available.

## RESPONSE TO FORM INTERROGATORY NO. 13.2:

Objection. This interrogatory is vague, ambiguous, calls for expert opinion, violates California *Code of Civil Procedure* section 2034, violates attorney-client privilege and/or attorney work-product doctrine (*Nacht & Lewis Architects v. Superior Court* (1996) 47 Cal.App.4th 214, 218).

Without waiving said objections, Responding Party responds as follows:  Responding Party is unaware of any surveillance at this time.

Discovery is continuing and Plaintiff reserves the right to supplement this response should additional responsive information become available.

## RESPONSE TO FORM INTERROGATORY NO. 14.1:

Objection. This interrogatory is vague, ambiguous, overbroad, calls for a legal conclusion, calls for speculation, calls for expert opinion, seeks expert information protected by California *Code*

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

1  *of Civil Procedure* section 2034, violates the attorney-client privilege and/or the attorney work-

2  product doctrine (*Nacht & Lewis Architects v. Superior Court* (1996) 47 Cal.App.4th 214, 218).

3      Without waiving said objections, this party responds as follows: Defendants and each of them

4  violated, among other things, Civ. Code Section 1714(a).

5      Discovery is continuing and Plaintiff reserves the right to supplement this response should

6  additional responsive information become available.

7  **RESPONSE TO FORM INTERROGATORY NO. 14.2:**

8      Objection. This interrogatory is vague, ambiguous, overbroad, calls for a legal conclusion, it

9  requests information that is equally available to propounding party, calls for expert opinion, seeks

10 expert information protected by California *Code of Civil Procedure* section 2034, violates the

11 attorney-client privilege and/or the attorney work-product doctrine (*Nacht & Lewis Architects v.*

12 *Superior Court* (1996) 47 Cal.App.4th 214, 218).

13     Without waiving said objections, Responding Party responds as follows:  Responding Party

14 is unaware of any citations or charges at this time.

15     Discovery is continuing and Plaintiff reserves the right to supplement this response should

16 additional responsive information become available.

17 **RESPONSE TO FORM INTERROGATORY NO. 17.1:**

18

19     Objection. This request is vague, ambiguous, and overbroad. This request violates the

20 attorney-client privilege and the attorney work-product doctrine. This request calls for expert

21 opinion. This request calls for legal conclusion. This request violates Plaintiff's constitutional right

22 to privacy.

23     Without waiving said objections, Responding Party responds as follows:

24     (a)  Request for Admission No. 1

25     (b)  Defendants, and each of them, negligently maintained, owned, operated and

26          controlled their premises located at 15602 Whittwood Lane, Whittier, California

27          90603, such that their negligence caused Plaintiff Donna Brady to suffer significant

28          personal injuries, including but not limited to a broken hip. Included in their negligent

---

24

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

conduct, Defendants, and each of them, permitted the use inappropriate carts in walkways around which racks and displays were situated in such a manner that, taken together, they created a dangerous tripping hazard condition.  Defendants failed to maintain the subject property in a reasonably safe condition and to warn guests and visitors of dangerous conditions. Defendants' patrons, including Plaintiff Donna Brady, were subjected to a dangerous condition, which put Defendants' patrons at risk and did, in fact, cause Donna Brady's injuries.

(c)  Plaintiff DONNA BRADY, who may be contacted through Plaintiffs' counsel. Agela Gardener, 14759 Terryknoll Dr., Whittier, CA 90604; 626-213-7528. Despite a reasonable and good faith effort, Responding Party does not have sufficient personal knowledge to respond more fully.

(d)  Medical records and radiology imaging regarding Responding Party from CARE Ambulance Service, PIH Health Hospital – Whittier, SoCal Post Acute Care, Pacific Coast Medical Services, Bradbourne Healthcare, Inc., PIH Health Physicians; Kohl's Customer Incident Report dated 10/30/2019; Kohl's security camera footage of the incident.

///

(a)  Request for Admission No. 2

(b)  Responding Party is in possession of documents to support her cause of action for Premises Liability against KOHL'S..

(c)  Plaintiff DONNA BRADY, who may be contacted through Plaintiffs' counsel.

(d)  Medical records and radiology imaging regarding Responding Party from CARE Ambulance Service, PIH Health Hospital – Whittier, SoCal Post Acute Care, Pacific Coast Medical Services, Bradbourne Healthcare, Inc., PIH Health Physicians; Kohl's Customer Incident Report dated 10/30/2019; Kohl's security camera footage of the incident.

///

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

(a) Request for Admission No. 3

(b) Responding Party's fall and the condition of the Kohl's store at the time of the incident was witnessed by other individuals in the Kohl's store, including but not limited to Agela Gardener.

(c) Plaintiff DONNA BRADY, who may be contacted through Plaintiffs' counsel. Agela Gardener, 14759 Terryknoll Dr., Whittier, CA 90604; 626-213-7528. Despite a reasonable and good faith effort, Responding Party does not have sufficient personal knowledge to respond more fully.

(d) Kohl's Customer Incident Report dated 10/30/2019; Kohl's security camera footage of the incident.

///

(a) Request for Admission No. 4

(b) Defendants, and each of them, negligently maintained, owned, operated and controlled their premises located at 15602 Whittwood Lane, Whittier, California 90603, such that their negligence caused Plaintiff Donna Brady to suffer significant personal injuries, including but not limited to a broken hip. Included in their negligent conduct, Defendants, and each of them, permitted the use inappropriate carts in walkways around which racks and displays were situated in such a manner that, taken together, they created a dangerous tripping hazard condition.  Defendants failed to maintain the subject property in a reasonably safe condition and to warn guests and visitors of dangerous conditions. Defendants' patrons, including Plaintiff Donna Brady, were subjected to a dangerous condition, which put Defendants' patrons at risk and did, in fact, cause Donna Brady's injuries..

(c) Plaintiff DONNA BRADY, who may be contacted through Plaintiffs' counsel. Agela Gardener, 14759 Terryknoll Dr., Whittier, CA 90604; 626-213-7528. Despite a reasonable and good faith effort, Responding Party does not have sufficient personal knowledge to respond more fully.

PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES

(d) Medical records and radiology imaging regarding Responding Party from CARE Ambulance Service, PIH Health Hospital – Whittier, SoCal Post Acute Care, Pacific Coast Medical Services, Bradbourne Healthcare, Inc., PIH Health Physicians; Kohl's Customer Incident Report dated 10/30/2019; Kohl's security camera footage of the incident.

///

(a) Request for Admission No. 5

(b) Responding Party is in possession of documents to support her cause of action for General Negligence against KOHL'S..

(c) Plaintiff DONNA BRADY, who may be contacted through Plaintiffs' counsel.

(d) Medical records and radiology imaging regarding Responding Party from CARE Ambulance Service, PIH Health Hospital – Whittier, SoCal Post Acute Care, Pacific Coast Medical Services, Bradbourne Healthcare, Inc., PIH Health Physicians; Kohl's Customer Incident Report dated 10/30/2019; Kohl's security camera footage of the incident.

///

(a) Request for Admission No. 6

(b) Responding Party's fall and the condition of the Kohl's store at the time of the incident was witnessed by other individuals in the Kohl's store, including but not limited to Agela Gardener.

(c) Plaintiff DONNA BRADY, who may be contacted through Plaintiffs' counsel. Agela Gardener, 14759 Terryknoll Dr., Whittier, CA 90604; 626-213-7528. Despite a reasonable and good faith effort, Responding Party does not have sufficient personal knowledge to respond more fully.

(d) Kohl's Customer Incident Report dated 10/30/2019; Kohl's security camera footage of the incident.

///

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

(a) Request for Admission No. 7

(b) Plaintiff exercised reasonable care at the time of the incident.

(c) Plaintiff DONNA BRADY, who may be contacted through Plaintiffs' counsel. Agela Gardener, 14759 Terryknoll Dr., Whittier, CA 90604; 626-213-7528. Despite a reasonable and good faith effort, Responding Party does not have sufficient personal knowledge to respond more fully.

(d) Kohl's Customer Incident Report dated 10/30/2019; Kohl's security camera footage of the incident.

///

(a) Request for Admission No. 8

(b) Plaintiff exercised reasonable care at the time of the incident..

(c) Plaintiff DONNA BRADY, who may be contacted through Plaintiffs' counsel. Agela Gardener, 14759 Terryknoll Dr., Whittier, CA 90604; 626-213-7528. Despite a reasonable and good faith effort, Responding Party does not have sufficient personal knowledge to respond more fully.

(d) Kohl's Customer Incident Report dated 10/30/2019; Kohl's security camera footage of the incident.

///

(a) Request for Admission No. 9

(b) Plaintiff exercised reasonable care at the time of the incident.

(c) Plaintiff DONNA BRADY, who may be contacted through Plaintiffs' counsel. Agela Gardener, 14759 Terryknoll Dr., Whittier, CA 90604; 626-213-7528. Despite a reasonable and good faith effort, Responding Party does not have sufficient personal knowledge to respond more fully.

(d) Kohl's Customer Incident Report dated 10/30/2019; Kohl's security camera footage of the incident.

///

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(a) Request for Admission No. 10

(b) Plaintiff exercised reasonable care at the time of the incident..

(c) Plaintiff DONNA BRADY, who may be contacted through Plaintiffs' counsel. Agela Gardener, 14759 Terryknoll Dr., Whittier, CA 90604; 626-213-7528. Despite a reasonable and good faith effort, Responding Party does not have sufficient personal knowledge to respond more fully.

(d) Kohl's Customer Incident Report dated 10/30/2019; Kohl's security camera footage of the incident.

///

(a) Request for Admission No. 11

(b) Responding Party has not returned to work as a real estate agent since the incident occurred.  As a result of the incident, she can no longer walk without the support of a cane or walker.

(c) Plaintiff DONNA BRADY, who may be contacted through Plaintiffs' counsel. Responding Party's medical providers at PIH Health Hospital – Whittier, SoCal Post Acute Care, Pacific Coast Medical Services, Bradbourne Healthcare, Inc., and PIH Health Physicians.

(d) Medical records and radiology imaging regarding Responding Party from CARE Ambulance Service, PIH Health Hospital – Whittier, SoCal Post Acute Care, Pacific Coast Medical Services, Bradbourne Healthcare, Inc., PIH Health Physicians; Kohl's security camera footage of the incident.

///

(a) Request for Admission No. 12

(b) Responding Party has not returned to work as a real estate agent since the incident occurred.  As a result of the incident, she can no longer walk without the support of a cane or walker.

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

(c) Plaintiff DONNA BRADY, who may be contacted through Plaintiffs' counsel. Responding Party's medical providers at PIH Health Hospital – Whittier, SoCal Post Acute Care, Pacific Coast Medical Services, Bradbourne Healthcare, Inc., and PIH Health Physicians.

(d) Medical records and radiology imaging regarding Responding Party from CARE Ambulance Service, PIH Health Hospital – Whittier, SoCal Post Acute Care, Pacific Coast Medical Services, Bradbourne Healthcare, Inc., PIH Health Physicians; Kohl's security camera footage of the incident.

///

(a) Request for Admission No. 13

(b) Responding Party has not returned to work as a real estate agent since the incident occurred.  As a result of the incident, she can no longer walk without the support of a cane or walker.

(c) Plaintiff DONNA BRADY, who may be contacted through Plaintiffs' counsel. Responding Party's medical providers at PIH Health Hospital – Whittier, SoCal Post Acute Care, Pacific Coast Medical Services, Bradbourne Healthcare, Inc., and PIH Health Physicians.

(d) Medical records and radiology imaging regarding Responding Party from CARE Ambulance Service, PIH Health Hospital – Whittier, SoCal Post Acute Care, Pacific Coast Medical Services, Bradbourne Healthcare, Inc., PIH Health Physicians; Kohl's security camera footage of the incident.

///

(a) Request for Admission No. 14

(b) As a result of the subject incident, Responding Party suffered an acute, nondisplaced left hip intratrochanteric fracture at the base of the neck of the left femur.  Her treating physicians at PIH Health Hospital – Whittier determined that an open reduction with

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

internal fixation was necessary. As a result of the incident, she can no longer walk without the support of a cane or walker and cannot walk up or down stairs.

(c) Plaintiff DONNA BRADY, who may be contacted through Plaintiffs' counsel. Responding Party's medical providers at PIH Health Hospital – Whittier, SoCal Post Acute Care, Pacific Coast Medical Services, Bradbourne Healthcare, Inc., and PIH Health Physicians.

(d) Medical records and radiology imaging regarding Responding Party from CARE Ambulance Service, PIH Health Hospital – Whittier, SoCal Post Acute Care, Pacific Coast Medical Services, Bradbourne Healthcare, Inc., PIH Health Physicians; Kohl's security camera footage of the incident.

///

(a) Request for Admission No. 16

(b) As a result of the subject incident, Responding Party suffered an acute, nondisplaced left hip intratrochanteric fracture at the base of the neck of the left femur. She was in severe pain and required transportation to a hospital by ambulance and was admitted to PIH Health Hospital – Whittier. Her treating physicians at PIH Health Hospital – Whittier determined that an open reduction with internal fixation was necessary. Additionally, she received medical treatment from SoCal Post Acute Care, Pacific Coast Medical Services, Bradbourne Healthcare, Inc., and PIH Health Physicians. As a result of the incident, she can no longer walk without the support of a cane or walker and cannot walk up or down stairs. Since the incident, if Responding Party sits for a long time, she experiences back spasms.

(c) Plaintiff DONNA BRADY, who may be contacted through Plaintiffs' counsel. Responding Party's medical providers at CARE Ambulance Service, PIH Health Hospital – Whittier, SoCal Post Acute Care, Pacific Coast Medical Services, Bradbourne Healthcare, Inc., and PIH Health Physicians.

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

(d) Medical records and radiology imaging regarding Responding Party from CARE Ambulance Service, PIH Health Hospital – Whittier, SoCal Post Acute Care, Pacific Coast Medical Services, Bradbourne Healthcare, Inc., PIH Health Physicians; Kohl's security camera footage of the incident.

///

(a) Request for Admission No. 17

(b) As a result of the subject incident, Responding Party suffered an acute, nondisplaced left hip intratrochanteric fracture at the base of the neck of the left femur. She was in severe pain and required transportation to a hospital by ambulance and was admitted to PIH Health Hospital – Whittier. Her treating physicians at PIH Health Hospital – Whittier determined that an open reduction with internal fixation was necessary. Additionally, she received medical treatment from SoCal Post Acute Care, Pacific Coast Medical Services, Bradbourne Healthcare, Inc., and PIH Health Physicians. As a result of the incident, she can no longer walk without the support of a cane or walker and cannot walk up or down stairs. Since the incident, if Responding Party sits for a long time, she experiences back spasms.

(c) Plaintiff DONNA BRADY, who may be contacted through Plaintiffs' counsel. Responding Party's medical providers at CARE Ambulance Service, PIH Health Hospital – Whittier, SoCal Post Acute Care, Pacific Coast Medical Services, Bradbourne Healthcare, Inc., and PIH Health Physicians.

(d) Medical records and radiology imaging regarding Responding Party from CARE Ambulance Service, PIH Health Hospital – Whittier, SoCal Post Acute Care, Pacific Coast Medical Services, Bradbourne Healthcare, Inc., PIH Health Physicians; Kohl's security camera footage of the incident.

///

(a) Request for Admission No. 18

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

(b) As a result of the subject incident, Responding Party suffered an acute, nondisplaced left hip intratrochanteric fracture at the base of the neck of the left femur. She was in severe pain and required transportation to a hospital by ambulance and was admitted to PIH Health Hospital – Whittier. Her treating physicians at PIH Health Hospital – Whittier determined that an open reduction with internal fixation was necessary. Additionally, she received medical treatment from SoCal Post Acute Care, Pacific Coast Medical Services, Bradbourne Healthcare, Inc., and PIH Health Physicians. As a result of the incident, she can no longer walk without the support of a cane or walker and cannot walk up or down stairs. Since the incident, if Responding Party sits for a long time, she experiences back spasms.

(c) Plaintiff DONNA BRADY, who may be contacted through Plaintiffs' counsel. Responding Party's medical providers at CARE Ambulance Service, PIH Health Hospital – Whittier, SoCal Post Acute Care, Pacific Coast Medical Services, Bradbourne Healthcare, Inc., and PIH Health Physicians.

(d) Medical records and radiology imaging regarding Responding Party from CARE Ambulance Service, PIH Health Hospital – Whittier, SoCal Post Acute Care, Pacific Coast Medical Services, Bradbourne Healthcare, Inc., PIH Health Physicians; Kohl's security camera footage of the incident.

///

(a) Request for Admission No. 20

(b) As a result of the subject incident, Responding Party suffered an acute, nondisplaced left hip intratrochanteric fracture at the base of the neck of the left femur. She was in severe pain and required transportation to a hospital by ambulance and was admitted to PIH Health Hospital – Whittier. Her treating physicians at PIH Health Hospital – Whittier determined that an open reduction with internal fixation was necessary. Additionally, she received medical treatment from SoCal Post Acute Care, Pacific Coast Medical Services, Bradbourne Healthcare, Inc., and PIH Health Physicians. As

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

a result of the incident, she can no longer walk without the support of a cane or walker and cannot walk up or down stairs. Responding Party suffers from anxiety since the subject incident, fearing another such fall and injuries. She is aware that a hip fracture at her age could be life ending. Since the incident, if Responding Party sits for a long time, she experiences back spasms. Due to this, she no longer drives herself and must rely on others for transportation. As a result of her impaired mobility, she had to stop working as a real estate agent. Responding Party's impaired mobility and resulting loss of activity has led to muscle loss and changes to her appearance that sadden her.

(c) Plaintiff DONNA BRADY, who may be contacted through Plaintiffs' counsel. Responding Party's medical providers at CARE Ambulance Service, PIH Health Hospital – Whittier, SoCal Post Acute Care, Pacific Coast Medical Services, Bradbourne Healthcare, Inc., and PIH Health Physicians.

(d) Medical records and radiology imaging regarding Responding Party from CARE Ambulance Service, PIH Health Hospital – Whittier, SoCal Post Acute Care, Pacific Coast Medical Services, Bradbourne Healthcare, Inc., PIH Health Physicians; Kohl's security camera footage of the incident.

///

(a) Request for Admission No. 25

(b) Responding Party is in possession of a copy of a Kohl's Customer Incident Report dated 10/30/2019 which describes the incident.

(c) Plaintiff DONNA BRADY, who may be contacted through Plaintiffs' counsel. Defendant KOHL'S, INC. (whose counsel provided the report to Plaintiff). Agela Gardener, 14759 Terryknoll Dr., Whittier, CA 90604; 626-213-7528.

(d) Kohl's Customer Incident Report dated 10/30/2019.

///

(a) Request for Admission No. 27

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

(b) Responding Party is in possession of a copy of Kohl's security camera footage of the incident, a photograph of the shoe that Responding Party was wearing when the incident occurred, and 7 photographs of the Kohl's store where the incident occurred.

(c) Plaintiff DONNA BRADY, who may be contacted through Plaintiffs' counsel. Defendant KOHL'S, INC. (whose counsel provided the video to Plaintiff).

(d) Kohl's security camera footage of the incident.

///

(a) Request for Admission No. 28

(b) Responding Party had a fall to a carpeted floor in August of 2018.

(c) Plaintiff DONNA BRADY, who may be contacted through Plaintiffs' counsel.

(d) Responding Party is not in possession of a responsive document.

///

(a) Request for Admission No. 32

(b) Responding Partywas not told by health care provider to use an assistive walking device (e.g., cane, walker, etc.) in the five years prior to the incident.

(c) Plaintiff DONNA BRADY, who may be contacted through Plaintiffs' counsel.

(d) Responding Party is not in possession of a responsive document.

///

(a) Request for Admission No. 33

(b) As a result of the subject incident, Responding Party suffered an acute, nondisplaced left hip intratrochanteric fracture at the base of the neck of the left femur. She was in severe pain and required transportation to a hospital by ambulance and was admitted to PIH Health Hospital – Whittier. Her treating physicians at PIH Health Hospital – Whittier determined that an open reduction with internal fixation was necessary. Additionally, she received medical treatment from SoCal Post Acute Care, Pacific

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

Coast Medical Services, Bradbourne Healthcare, Inc., and PIH Health Physicians. As a result of the incident, she can no longer walk without the support of a cane or walker.

(c) Plaintiff DONNA BRADY, who may be contacted through Plaintiffs' counsel. Responding Party's medical providers at CARE Ambulance Service, PIH Health Hospital – Whittier, SoCal Post Acute Care, Pacific Coast Medical Services, Bradbourne Healthcare, Inc., and PIH Health Physicians.

(d) Medical billing records regarding Responding Party from CARE Ambulance Service, PIH Health Hospital – Whittier, SoCal Post Acute Care, Pacific Coast Medical Services, Bradbourne Healthcare, Inc., PIH Health Physicians; Kohl's security camera footage of the incident.

Dated: May 6, 2022                    **GREENSLADE CRONK, LLP**

BY: _____
Anna H. Cronk
Michael Greenslade
Seri Kattan-Wright
Attorneys for Plaintiff,
DONNA BRADY

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

**VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I have read the foregoing document entitled **PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES** and know its contents.

     [X]    I am a party to this action.  The matters stated in the foregoing document are true of my knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

     I am [ ] an Officer *** of a party in this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.  [] I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.   [ ] The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

     []    I am one of the attorneys for _____, a party to this action.  Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason.  I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed this 6th day of May, 2022 at Whittier, California.


_____
DONNA BRADY

## PROOF OF SERVICE

*Brady v. Kohl's, Inc.*
Los Angeles Superior Court Case Number 21STCV38554

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 5455 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90036.

On May 6, 2022, I served the foregoing documents described as:

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**

|   |   |
|---|---|
|   | BY MAIL - CALIFORNIA ONLY: I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service.  This document will be deposited with the United States Postal Service on the same day as the execution of this document in the ordinary course of business.  This document was sealed and placed for collection and mailing on the same day as the execution of this document at the address given for deposit in the United States Postal Service and following ordinary business practices. |
|   | BY PERSONAL SERVICE: I caused the documents listed above to be personally served on the person(s) at the address(es) set forth above by placing them in an envelope or package addressed to the person(s) and provided them to a professional messenger service for service. |
|   | BY OVERNIGHT COURIER: I caused such envelope(s) to be delivered by overnight delivery courier, with next day service. |
|   | BY FACSIMILE: I caused the transmission of the foregoing document by facsimile to the offices of the addressee(s), and such transmission was reported as complete and without error. |
| X | BY ELECTRONIC TRANSMISSION: I caused the transmission of the foregoing document(s) by electronic mail to the persons at the e-mail address(es) listed below pursuant to the Judicial Council's Statewide Order Number CO-20-05 and Emergency Rule 12 of Appendix I adopted effective *April 17, 2020*. Pursuant to agreement made by counsel, such electronic service will be considered the same as regular U.S. Mail service consistent with Code of Civil Procedure Section 1013(a). No electronic message, or other indication that the transmission was unsuccessful, was received within a reasonable time after the transmission. |

I served above referenced document on:

| | |
|---|---|
| Ara Baghdassarian, Esq.<br>LAGASSE BRANCH BELL + KINKEAD LLP<br>626 Wilshire Blvd., Suite 1000<br>Los Angeles, CA 90017<br>Tel: (213) 817-9152; Fax: (213) 8179154<br>Email: sgobel@lbbklaw.com ;<br>abaghdassarian@lbbklaw.com ; eizaguirre@lbbklaw.com ;<br>mchavez@lbbklaw.com | Attorney for Defendant<br>KOHL'S, INC. |

Executed on May 6, 2022, at Los Angeles, California.

I declare, under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Claire Lemieux

**PLAINTIFF DONNA BRADY'S RESPONSES TO DEFENDANT KOHL'S, INC'S FORM INTERROGATORIES**