# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA BRADY,<br><br>                     Plaintiff,<br><br>          v.<br><br>KOHL'S, INC., and DOES 1 through 20, inclusive,<br><br>                     Defendants. | Case No. LA CV 22-03427-SPG-PD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [ECF NOS. 18, 22]** |

Before the Court is Plaintiff Donna Brady's ("Plaintiff") motion to remand. (ECF Nos. 18, 22 ("Mot.")). Defendant Kohl's, Inc. ("Defendant") timely opposed. (ECF No. 30). The parties' dispute is limited to the timeliness of Defendant's removal. *See* (Mot.; (ECF No. 30 ("Opp.")); (ECF No. 32 ("Reply")). Having considered the parties' submissions, the relevant law, and the record in this case, the Court finds this matter suitable for resolution without a hearing and DENIES Plaintiff's motion. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

## I. BACKGROUND

This action arises out of an October 30, 2019, incident at a Kohl's store located in Whittier, California. (ECF No. 1-2 at 29). Plaintiff alleges Defendant negligently maintained the store and allowed "haphazard" placement of shopping carts, one of which tripped and injured Plaintiff. (*Id.*).

On October 19, 2021, Plaintiff filed this case in Los Angeles Superior Court, asserting claims against Defendant for premises liability and general negligence. *See* (ECF No. 1-2 at 3). On December 10, 2021, Plaintiff filed her First Amended Complaint ("FAC") in the State Court Action asserting the same causes of action. (FAC at 26). The initial complaint lists an address under Plaintiff's name as "13060 Thoroughbred Way, Whittier, CA 90601." *See* (ECF No. 1-2 at 3). As both parties concede, the operative FAC does not list an address or residency associated with Plaintiff. *See* (FAC at 26). Neither iteration of the state court complaint makes any allegations regarding Plaintiff's residency or citizenship. *See* (ECF No 1-2 at 1–32).

On December 16, 2021, Plaintiff served Defendant with the FAC. *See* (ECF No. 1 ¶ 3; ECF No. 30 at 2). Defendant filed an answer on February 1, 2022. *See* (ECF No. 1-3). On May 6, 2022, Plaintiff served Defendant with verified responses to Defendant's first set of Form Interrogatories. (ECF No. 1-4). In these interrogatory responses, Plaintiff stated that she currently resides at 13060 Thoroughbred Way, Whittier, CA 90601 and has lived there for more than five years. (*Id.* at 13). She also stated that she has worked in Whittier, CA for more than five years. (*Id.*). On May 19, 2022, less than thirty days after receiving Plaintiff's interrogatory responses, Defendant removed the case to this Court. (ECF No. 1). Plaintiff now moves to remand, arguing the removal was untimely.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, with subject matter jurisdiction only over matters authorized by the Constitution and statutes. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Defendants may therefore generally remove cases filed in state court to federal court if the federal court would have had original jurisdiction

over the action. *See* 28 U.S.C. § 1441(a). To effectuate removal, however, a defendant must file a notice of removal in federal court in a timely manner. 28 U.S.C. § 1446. A notice is timely if it is filed either (1) within thirty days after the defendant receives the initial pleading or (2) "if the case stated by the initial pleading is not removable," within thirty days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(2)(A)–(3). Any notice of removal based on diversity jurisdiction generally must be filed no more than one year after the action was filed. 28 U.S.C. § 1446(c)(1).

The thirty-day clock begins running after service of the initial complaint only if "the case stated by the initial pleading is removable on its face." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). A defendant has no duty to investigate beyond the four corners of the initial complaint, even if it provides a "clue" regarding removability. *See id.* at 696–97. Therefore, if the initial complaint does not make clear that the case is removable, the thirty-day clock does not begin to run until the defendant receives "an amended pleading, motion, order or other paper" from which it can determine removability. 28 U.S.C. § 1446(b)(3); *see also Harris*, 425 F.3d at 697 (holding that "[o]nce defendant is on notice of removability, the thirty-day period begins to run."). Furthermore, "other paper" does not include "any document received prior to receipt of the initial pleading." *Carvalho v. Equifax Info. Serv., LLC*, 629 F.3d 876, 885–86 (9th Cir. 2010).

### III. DISCUSSION

#### A. Timeliness of Removal

Defendant removed this case by invoking the Court's diversity jurisdiction, which applies when the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000. (ECF No. 1 ¶¶ 11–18). There is no dispute that these requirements are met in this case. *See* (*id.*); *see also* (Mot. at 11 (Plaintiff "concedes" that diversity jurisdiction exists)).

The only issue presented by Plaintiff's motion to remand is whether Defendant's removal was untimely. Plaintiff argues that Defendant had notice of Plaintiff's California citizenship at least as of the date of service of the FAC, December 16, 2021.[1] (*Id.* at 6). Therefore, Plaintiff claims Defendant's removal, filed on May 19, 2022, was untimely. (*Id.*). Defendant, on the other hand, argues that Plaintiff's citizenship was not clear within the four corners of the FAC. (Opp. at 9). Instead, Defendant claims it was put on notice of removability only after receipt of Plaintiff's first set of interrogatory responses. (*Id.*). Defendant maintains its removal was therefore timely because it filed the notice of removal less than thirty days after receipt of those interrogatory responses. (*Id.* at 5). The Court agrees with Defendant for the reasons set forth below.

Here, the FAC, served on December 16, 2021, provided at most a "clue" as to removability and therefore did not make removability clear on its face. *See Harris*, 425 F.3d at 696–97 (holding a "clue" as to removability insufficient to trigger thirty-day clock based on the initial pleading). The FAC did not make any statements regarding Plaintiff's citizenship or even residency. Instead, the original complaint, served on Defendant in conjunction with the FAC, listed an address associated with Plaintiff. *See* (ECF No. 1-2 at 3 (listing Donna Brady appearing in pro per and stating her telephone number and an address at 13060 Thoroughbred Way, Whittier, CA, 90601)). However, as Plaintiff acknowledges, this address could have been an office address, a mailing address, or a residence address. (ECF No. 32 at 5). Therefore, based on the complaint, Defendant was *at most* put on notice that Plaintiff resided in California. But, residency, alone, without evidence of "an intention to make a certain definite place one's permanent abode," does

---

[1] Plaintiff also argues that Defendant had notice of Plaintiff's citizenship before filing of the Complaint. (Mot. at 7–8). Plaintiff states that a letter sent to Defendant in February 2021, prior to initiation of the action, listed Plaintiff's address. (*Id.*). Plaintiff also argues that her phone number, listed on the incident report she filed on the date of her injury in 2019, put Defendant on notice of her California citizenship. (*Id.*). However, these arguments are unavailing because papers received prior to the initiation of an action do not provide notice of removability. *See Carvalho*, 629 F.3d at 885–86.

not give rise to citizenship for the purposes of diversity jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (internal citation omitted); *see also Crisp-Stoot v. Wal-Mart Stores, Inc.*, No. CV 18-10694 PSG (PJWx), 2019 WL 1307735, at *3–4 (C.D. Cal. Mar. 22, 2019) (finding allegations of California residency insufficient to establish citizenship for removal based on diversity of citizenship). Therefore, Defendant could not reasonably ascertain the basis of removal from the four corners of the initial pleading served on Defendant.

Because the initial complaint did not make removability clear on its face, Defendant had thirty days to file its notice of removal after receipt of "other paper" putting it on notice of removability. 28 U.S.C. § 1446(b)(3). Here, Defendant was put on notice only upon receipt of Plaintiff's interrogatory responses, which stated that she had resided in California for more than five years. The responses further evidenced Plaintiff's intent to stay in California by listing her employment for the past five years, all of which took place in California. Therefore, upon receipt of the interrogatories, Defendant was put on notice that Plaintiff appeared not only to reside in California, but to be a citizen of the state. Defendant then timely filed its notice of removal within thirty days after receipt of the interrogatories.

**B.     Attorney's Fees**

Because the Court finds that removal was timely here, Plaintiff's request for attorney's fees is denied.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion to remand.

IT IS SO ORDERED.

DATED: September 7, 2022

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE